**The STATE of Ohio, Appellee,**

**v.**

**PAXTON, Appellant.**

[Cite as *State v. Paxton* (2000), 139 Ohio App.3d 48.]

Court of Appeals of Ohio,
Third District, Seneca County.

No. 13–2000–08.

Decided Sept. 1, 2000.

*Kenneth H. Egbert, Jr.*, Seneca County Prosecuting Attorney, and *John P. Kolesar*, Assistant Prosecuting Attorney, for appellee.

*Jennifer L. Kahler*, for appellant.

THOMAS F. BRYANT, Judge.

Defendant-appellant Rick Paxton brings this appeal from the judgment of the Court of Common Pleas of Seneca County sentencing him to serve sixty days of jail time at the discretion of the probation officer.

From May 19, 1998 to July 11, 1998, Paxton received unemployment benefits even though he had obtained new employment. On June 16, 1999, Paxton was indicted for theft. A jury trial was held on January 18, 2000, and Paxton was found guilty. On February 29, 2000, the trial court sentenced Paxton to serve three years of community control upon the court's terms of probation under the supervision of the Adult Parole Authority ("APA"), to serve a term of sixty days in county jail, and to serve an additional sixty days in jail at the discretion of the probation officer. Paxton appeals from this judgment.

Paxton claims the following assignments of error:

"The trial court's sentence of [Paxton] to sixty (60) days in the county jail at the discretion of the probation officer is a violation of due process and is therefore, contrary to law.

"The trial court's sentence of [Paxton] to sixty (60) days in the county jail at the discretion of the probation officer is a violation of the separation of powers and is therefore, contrary to law.

"Paxton's conviction is against the manifest weight of the evidence."

In the third assignment of error, Paxton claims that his conviction was against the manifest weight of the evidence.

"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.*** It is 'important that in [considering whether the trial court's judgment is against the manifest weight of the evidence] a court of appeals be guided by a presumption that the findings of the trier-of-fact were indeed correct.'" *Paulding–Putnam Coop., Inc. v. Kuhlman* (1997), 117 Ohio App.3d 156, 159, 690 N.E.2d 52, 54.

■ To prove a crime of theft, the state must show that the defendant knowingly obtained control over property with the intent of depriving the owner of it without the consent of the owner. R.C. 2913.02. Here, the representatives from the Ohio Bureau of Employment services testified that Paxton had received checks for unemployment while he was employed. They testified that during the investigation, Paxton admitted to them that he intended to receive the unemployment checks even though he was employed again. The state also submitted business records showing the dates that the unemployment checks were cashed by Paxton and showing the employment records of Paxton that were for the same time period. Given this evidence, the jury could reasonably find that Paxton had committed the offense of theft. The third assignment of error is overruled.

■ In support of the first and second assignments of error, Paxton argues that the imposition of the additional sixty days of jail time at the discretion of the probation officer violates his constitutional right to due process and the separation of powers doctrine of the Ohio Constitution. The state suggests that by imposing additional time, the probation officer can impose jail time for minor infractions without requiring the revocation proceedings, thus reducing the likelihood of revocation. However, this ruling actually gives the probation officer the authority to decide when a violation has occurred plus the power to impose punishment for that violation.

The APA is required to report all violations of probation to the trial court that imposed the probation. R.C. 2929.15(A)(2). It is then the task of the sentencing

court to determine whether a violation has occurred, and, if so, what, if any, additional sanctions should be imposed upon the defendant. R.C. 2929.15(B). Upon an allegation of violation, the Ohio Administrative Code provides the following rights to an alleged violator of probation: (1) the right to receive prior written notice of the hearing setting forth the time, place, and specific alleged violations; (2) the right to testify and present evidence; (3) the right to confront and cross-examine adverse witnesses; (4) the right to review all evidence presented against the release; (5) the right to counsel; and (6) the right to a written transcript of the proceedings. Ohio Adm.Code 5120:1–1–43(I)(2).

Here, the trial court in effect has delegated to a probation officer the job of determining whether a minor violation has occurred. If that same officer finds a violation, he or she can then require Paxton to serve additional jail time. No hearing is required, and Paxton is permitted no independent review of the alleged violation. Instead, the probation officer is permitted to circumvent the requirements of R.C. 2929.15. The fact that the restriction is less than a full revocation of probation does not make it any less a penalty for infraction of the rules of probation. By denying Paxton the statutory hearings, the sentence does not comply with the law of the state of Ohio. Since the sentence imposed does not comply with statutory requirements of the laws of Ohio, we need not reach the constitutional questions raised.

The judgment of the Court of Common Pleas of Seneca County is reversed, and the cause is remanded for further proceedings in accord with this opinion.

*Judgment reversed*
*and cause remanded.*

SHAW and WALTERS, JJ., concur.