OPINION
The appellant, Ann Rice, appeals the judgment of the Lima Municipal Court, convicting her of three counts of Disorderly Conduct, violations of R.C. 2917.11(A)(5) and minor misdemeanors. Based on the following, we hereby affirm the judgment of the trial court.
The following facts and procedural history are relevant to the instant appeal. This case arises out of three separate instances wherein the appellant allegedly placed dog feces from her yard into the road and onto the tree lawn in front of her neighbors' home. The neighbors, Suzanne Heffner and Joseph Loggia, filed a complaint and the appellant was charged with three counts of Disorderly Conduct as a result. On January 7, 2002, a bench trial was conducted before a magistrate. At that trial, the state introduced the testimony of Ms. Heffner and Mr. Loggia, along with two videotapes of the appellant, made by her neighbors. The tapes, which were taken by surveillance cameras, purportedly depict the appellant depositing dog feces from her lawn onto the street in front of her neighbor's home.
The appellant testified in her own defense. Although she admitted to placing the offending material "closer" to her neighbor's property, she denied that she moved it onto or in front of their tree lawn. As justification for her behavior, the appellant stated her belief that the feces came from her neighbor's two large dogs, so she was "putting it back" closer to the source. Her belief was apparently based on the fact that her own dog was too small to have produced such large stool. The defense presented no evidence aside from the appellant's testimony and photo of the appellant's tree lawn.
The trial court convicted the appellant on all three counts. She was fined one hundred dollars for each count and ordered to pay court costs. The appellant now appeals from that judgment, asserting two assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I That the disorderly conduct statute as applied by the lower court herein is vague, overbroad, and failed to inform the appellant and is thus unconstitutional in that such application deprives the appellant and others similarly situated of their constitutional rights as afforded by the Fourteenth Amendment to the U.S. Constitution and Article-I, Sections-I and X of the Ohio Constitution and encumbers the defendant's and others similarly situated their right to use their real and personal property.
 For her first assignment of error, the appellant challenges the constitutionality of Ohio's Disorderly Conduct statute, claiming that it is both vague and overbroad as applied to her. Based on the following, we find the appellant's argument to be without merit.
The Ohio State Supreme Court has held that "[f]ailure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal."[1] Because the waiver doctrine in State v. Awan is discretionary, even where waiver is clear, a reviewing court may consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it.[2] Nevertheless, "although R.C. 2505.21 gives appellate courts discretion to review a claimed denial of constitutional rights not raised below, `that discretion will not ordinarily be exercised to review such claims, where the right sought to be vindicated was in existence prior to or at the time of trial.'"[3]
The potential constitutional challenge to the disorderly conduct statute was apparent at the time of the appellant's trial. Thus, she has waived the issue for appeal. Accordingly, the appellant's first assignment of error is not well-taken and is hereby denied.
 ASSIGNMENT OF ERROR NO. II The trial court erred and substantially prejudiced the appellant when against the manifest weight of the evidence, it found the appellant guilty beyond a reasonable doubt of the counts contained in the charging affidavits.
 The appellant next contends that her conviction was against the manifest weight of the evidence. We disagree with the appellant.
When considering an argument that a conviction was against the manifest weight of the evidence, "`[t]he [appellate] court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the [factfinder] clearly lost its way * * *.'"[4] A judgment supported by some competent, credible evidence which goes to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.[5] Manifest weight arguments are to be sustained only in the most extraordinary cases.[6]
The statute under which the appellant was charged, R.C. 2917.11(A)(5), states:
 "(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following:
"* * *
 "(5) Creating a condition that is physically offensive to persons or that presents a risk of physical harm to persons or property, by any act that serves no lawful and reasonable purpose of the offender."
The term "recklessness" is defined in R.C. 2901.22(C) as follows: "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result * * * *."
The appellant admitted that she placed dog feces from her yard in an area near her neighbors' home. Her neighbors testified that they found the appellant's conduct offensive. They also expressed concerns that the conduct created unsanitary conditions. When questioned about her actions, the appellant conceded that she felt the accumulation of dog feces outside her own residence was unsanitary and unattractive. However, she expressed indifference to any potential health consequences to others that might have resulted from her actions. Finally, although the appellant claims her actions were motivated by a desire to maintain a clean tree lawn, these statements are belied by the fact that she simply transported the fecal matter to an equally unsanitary location in violation of several local ordinances.
Accordingly, the appellant's second assignment of error is not well-taken and is hereby denied.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgments of the trial court.
Judgments affirmed.
SHAW, P.J., and WALTERS, J., concur.
[1] State v. Awan (1986), 22 Ohio St.3d 120, syllabus, limited by In re M.D. (1988), 38 Ohio St.3d 149, syllabus.
[2] In re M.D. (1988), 38 Ohio St.3d at syllabus.
[3] State v. 1981 Dodge Ram Van (1988), 36 Ohio St.3d 168, 170-71, quoting State v. Woodards (1966), 6 Ohio St.2d 14, 21.
[4] State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quotingState v. Martin (1983), 20 Ohio App.3d 172, 175.
[5] State v. Paxton (2000), 139 Ohio App.3d 48, 50.
[6] Thompkins, 78 Ohio St.3d at 387.