THE STATE OF OHIO, APPELLEE, *v*. DENCH, APPELLANT.

(No. 8713—Decided November 9, 1959.)

*Mr. C. Watson Hover*, prosecuting attorney, and *Mr. Calvin W. Prem*, for appellee.

*Mr. William F. Hopkins*, for appellant.

MATTHEWS, P. J.   The Grand Jury of Hamilton County, Ohio, returned two indictments against the defendant—one charging him with the crime of wrongfully and wilfully kidnaping, abducting, or forcibly or fraudulently, carrying off, enticing, detaining or decoying a certain female child, to wit, Ann ——, of the age of fifteen years, for the purpose of committing rape upon her person; and the other charging him with the crime of rape upon said Ann, contrary to Section 2901.31 of the Revised Code of Ohio.

The defendant pleaded not guilty to both charges, waived trial by jury in writing, and consented that both charges be tried at the same time.

The defendant was found not guilty of rape but guilty of abducting for the purpose of raping, as charged.   The court overruled Dench's motion for a new trial and sentenced him to prison for from five to thirty years.

Dench filed his notice of appeal to this court.   He failed to

file a bill of exceptions within the prescribed time, and because thereof and for that reason alone, the trial judge refused to approve and sign the bill. Later Dench filed a request for leave to appeal in the appeal which he had filed as of right, and, upon motion, this was stricken from the files without prejudice to the filing of a motion for leave to appeal as an independent proceeding. And still later, the appeal as of right was called for hearing, at which counsel for both parties were present.

The judgment appealed from was affirmed.

This matter now comes before the court upon Dench's motion for leave to appeal.

At the hearing on this motion for leave to appeal, Dench introduced in support of the motion an affidavit of his counsel, all the original papers and journal entries and a complete transcript of the proceedings at the trial. There is therefore a complete history of all that has gone before, so that had Dench filed his bill of exceptions in time the court would have had before it a record that would have enabled the court to pass upon every error of which he complains. We have before us now that complete record on this motion for leave to appeal.

This record shows that on the night of January 31, 1959, at about 11 o'clock, John Dench was on Spring Grove Avenue in the suburb of Northside in Cincinnati, and his Cadillac automobile was parked nearby on the opposite side of the street. He had been tried and convicted of many state and federal offenses —more than he could remember. He was forty years old. While he was on Spring Grove Avenue, he was joined by four girls, fifteen, sixteen, and seventeen years of age, and three young men slightly older than the girls. It seems that the Cadillac automobile was what attracted them. At any rate, all eight were soon in the automobile, and in it they were visiting places where intoxicating liquors were sold. Some of the male members had intoxicating liquor when they assembled, and these visits to liquor stores were for the purpose of replenishing the supply. The female members of the group did not partake of any of the liquor, but all of the men did and in varying degrees became intoxicated.

There is evidence that two of the girls—Ann and Rose— who were fifteen years old, almost at once expressed a desire to

be taken home, and, when the group reached a saloon near their homes, they left the group and started to walk toward their home, contrary to the desires of three of the men. There is evidence that these men pursued them along several streets which the girls took in trying to evade them. They finally reached the home of Rose, which she entered, and Ann proceeded alone on the way to her home, which was only about one half block away. On her way she was intercepted by John Dench and two of these young men, forced into Dench's automobile, and taken to his garage, where he had sexual intercourse forcibly and against her will. A physical examination the following day confirmed the fact that she had had sexual intercourse within the preceding 24 hours.

The trial lasted several days, and the bill of exceptions is voluminous. It contains a detailed history of the actions of this group on that night, including some background of the individual members of the group. Dench was not the only one with a criminal record. Two of the young men had records of conviction, but none other than Dench was an habitual criminal.

Ann testified that it was Dench who had taken her forcibly to his garage, and, against her will, had intercourse with her. There is evidence that he and Ann were separated from the other members of the group for an interval and that during that interval he had the opportunity to commit the crime. We can think of no motive that would cause Ann to select Dench rather than some one of the other three, other than the truth.

As a matter of fact, counsel urges only one ground for the reversal of the conviction, and that ground is that, the court having found the defendant not guilty of rape, the verdict in the other case must necessarily have been not guilty of abducting for immoral purposes.

We fail to see any inconsistency between these two judgments. The elements of the two crimes are different, as will appear by a consideration of the statutes defining the crimes. Section 2905.01, Revised Code, defines rape as carnal knowledge of a female person forcibly and against her will.

Section 2901.31, Revised Code, makes the abduction for immoral purposes a crime and makes the intent at the time of the abduction the gravaman of the offense without reference to

whether the abduction was followed by the actual commission of rape.

Finding the defendant not guilty of rape is not in any sense a finding that there was no intent or purpose to commit rape at the time of the abduction. We find the position of the defendant untenable in this respect.

We cannot say that the evidence does not show the defendant guilty beyond a reasonable doubt. We are of the opinion that the defendant had a fair and impartial trial, free from any prejudicial error.

For these reasons, the motion for leave to appeal is overruled.

*Motion overruled.*

LONG and O'CONNELL, JJ., concur.