OPINION
{¶ 1} Defendant-Appellant, Christopher Matthieu, brings this consolidated appeal from separate judgments of conviction and sentence entered by the Mercer County Common Pleas Court. In case No. 10-02-04, Matthieu appeals a judgment of conviction and sentence entered upon a guilty plea to abduction, in violation of R.C. 2905.02(A)(2). In case No. 10-02-05, Matthieu appeals a judgment of conviction and sentence which found him guilty of kidnapping, in violation of R.C.2905.01(A)(2)/(4), and adjudicated him to be a sexual predator.
 {¶ 2} Facts and procedural history relevant to issues raised on appeal are as follows:
 Case No. 10-02-04 {¶ 3} On June 27, 2001, an unnamed female appellant was a passenger in a car driven by Matthieu when he told her that he had to use the bathroom. Matthieu then drove to Rockford Construction Services on Hellwarth Road in Mercer County and parked by a dumpster. Matthieu attempted to initiate a sexual encounter with the female and was pushed away. He then got on top of the victim, holding her down by her wrists. The victim told Matthieu to get off of her and he refused. Upon further uninvited advances, she kneed Matthieu in the groin and escaped through the rear driver-side window.
 {¶ 4} On July 19, 2001, Matthieu was indicted in case No. 01-CRM-061 on one count of abduction, a violation of R.C. 2905.02(A)(2), and one count of unlawful restraint, a violation of R.C. 2905.03(A)(3). In exchange for a dismissal of the unlawful restraint charge, Matthieu entered a guilty plea on January 29, 2002, to abduction. The trial court ordered a pre-sentence investigation and continued the matter for sentencing.
 Case No. 10-02-05 {¶ 5} On June 24, 2001, Matthieu, while driving a grey Oldsmobile, approached a fourteen-year-old female as she walked from her house to a friend's house in Celina, Ohio. Matthieu told the girl he was from Van Wert, Ohio and needed directions to Wal-Mart. Matthieu told the girl that he did not understand her directions and requested that she get in the car to show him the way to the store. The girl told him "no" and refused to get in the car. Matthieu laughed and said he would go to a gas station for directions.
 {¶ 6} Soon thereafter, Matthieu, still in his vehicle, approached a seventeen-year-old female ("the victim") who was walking from her home to the Burger King restaurant in Celina, Ohio. According to the victim, Matthieu told her that he needed directions to Wal-Mart because his sister had been in an accident in the store's parking lot. The victim walked around to the driver-side door and gave Matthieu the directions. Matthieu told her that he was not from the area and did not understand her directions. The victim agreed to show him where the store was and entered the vehicle.
 {¶ 7} On the way to Wal-Mart, Matthieu asked the victim her age and told her that his name was Ted Rios and that was from Van Wert. They could find no accident at Wal-Mart, so they left the parking lot and drove away from town in search of Matthieu's sister's vehicle. Matthieu then parked his car alongside a road in Mercer County and used his cell phone in an apparent call to his father. After ending the call, Matthieu began kissing the victim while holding her down by her wrists. The victim testified that she rebuffed his advances and told him "no." Matthieu then reclined the victim's seat, climbed on top of her and, while continuing to be told "no," removed the victim's blouse and pants. Matthieu removed his pants, inserted his penis inside the victim's vagina, and eventually ejaculated. Thereafter, Matthieu drove the victim back to town and dropped her off at Burger King.
 {¶ 8} On July 19, 2001, Matthieu was indicted in case No. 01-CRM-064 on one count of kidnapping, a violation of R.C.2905.01(A)(2)/(4); one count of abduction, a violation of R.C.2905.02(A)(2); one count of rape, a violation of R.C. 2907.02(A)(2); and one count of sexual battery, a violation of R.C. 2907.03(A)(1). After a two-day trial, the jury returned a guilty verdict for kidnapping, and not guilty verdicts for the abduction, rape, and sexual battery offenses. Prior to the sentencing and sexual offender status hearing, the trial court ordered a pre-sentence investigation and a psychosexual evaluation.
 {¶ 9} On February 1, 2002, the sexual offender status hearing for trial court case No. 01-CRM-064 was conducted jointly with the sentencing hearings for trial court case Nos. 01-CRM-061 and 064. At said hearing, the trial court found Matthieu to be a sexual predator and imposed consecutive sentences of five-years incarceration for the kidnapping charge and three-years incarceration for the abduction charge.
 {¶ 10} Appellant has filed timely appeals in both cases before this court; however, because Matthieu has cited no assignments of error with respect to appellate case No. 10-02-04, the abduction charge, that appeal is dismissed for want of prosecution.
 {¶ 11} With respect to appellate case No. 10-02-05, Matthieu asserts two assignments of error for our review.
 Assignment of Error Number One {¶ 12} In violation of due process, Mr. Matthieu was found guilty of kidnapping on insufficient evidence and his verdict was entered against the manifest weight of the evidence.
 {¶ 13} In his first assignment of error, Matthieu maintains that his conviction is not supported by sufficient evidence and contravenes the manifest weight of the evidence.
 Sufficiency of the Evidence {¶ 14} Regarding the legal standards of sufficiency of the evidence and manifest weight of the evidence, the Ohio Supreme Court has stated that they are "quantitatively and qualitatively different."[1]
Whereas weight of the evidence refers to "inclination of the greater amount of credible evidence offered in a trial to support one side of the issue rather than the other," sufficiency of the evidence is the legal standard applied to determine whether the evidence is legally sufficient as a matter of law to support the jury verdict.[2] In reviewing the record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.[3]
 {¶ 15} The statute under which Matthieu was convicted, R.C. 2905.01, kidnapping, provides: (A) No person, by force, threat, or deception * * * shall remove from the place where the person is found or restrain the liberty of the other person, for any of the following purposes:
 {¶ 16} * * *
 {¶ 17} (2) To facilitate the commission of any felony or flight thereafter;
 {¶ 18} * * *
 {¶ 19} (4) To engage in sexual activity, as defined in section2907.01 of the Revised Code, with the victim against the victim's will[.]
 {¶ 20} In his defense, Matthieu claims that the sexual activity was consensual. Citing the fact that he was found not guilty as to the rape, abduction, and sexual battery charges, Matthieu contends that the jury agreed. In essence, Matthieu argues that the kidnapping, rape, abduction and sexual battery charges were interdependent, and that because the alleged conduct underlying charges for which he was found not guilty is the same conduct underlying the kidnapping charge, the verdicts are inconsistent. He attempts to employ this inconsistency to show that the state failed to prove essential elements of the kidnapping charge. Specifically, Matthieu submits that these acquittals show the state failed to prove that any purported restraint or removal was done for the purpose of facilitating the commission of a felony or to engage in non-consensual sexual activity.
 {¶ 21} The issue of inconsistent verdicts in response to different counts was addressed by the Ohio Supreme Court in State v. Adams,[4]
wherein the court stated: The several counts of an indictment containing more than one count are not interdependent and an inconsistency in the verdict does not arise out of inconsistent responses to different counts, but only arises out of inconsistent responses to the same count.
 {¶ 22} Accordingly, even assuming the jury acted inconsistently in response to the different counts, the conclusion advanced by Matthieu does not follow and will not justify overturning a verdict of guilt.[5]
In State v. Stefanski,[6] where the defendant was found guilty of kidnapping but acquitted as to rape and sexual battery, we similarly concluded that the purportedly inconsistent verdicts would not justify overturning the verdict of guilt.
 {¶ 23} Moreover, as we further concluded in Stafanski, we fail to see any inconsistency between the instant verdicts.[7] R.C. 2905.01
defines the offense of kidnapping as the restraint or removal of the person for certain specified purposes and makes the intent at the time of the abduction the gravamen of the offense.[8] "The statute punishes certain removal or restraint done with a certain purpose and the eventual success or failure of the goal is irrelevant."[9] Finding Matthieu not guilty of rape, abduction, or sexual battery is in not in any sense a finding that there was no intent or purpose to commit those crimes at the time of the abduction.[10] A review of the trial transcript reveals evidence that, if viewed in a light most favorable to the prosecution, could lead a rational juror to reasonably conclude that Matthieu employed deception to remove the victim from the place where she was found for the purpose of engaging in sexual activity against her will.[11] Therefore, we find the record contains sufficient evidence from which the trier of fact could find that every element of the kidnapping offense had been proved beyond a reasonable doubt.
 Manifest Weight of the Evidence {¶ 24} Matthieu also maintains that his conviction was against the manifest weight of the evidence. To overturn a decision as being against the manifest weight of the evidence, an appellate court must find that in resolving evidentiary conflicts, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.[12] A judgment supported by some competent credible evidence which goes to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.[13] Manfest weight arguments are to be sustained only in the most extraordinary cases.[14]
 {¶ 25} Matthieu argues that the victim's testimony, if believed as true, does not prove that she was kidnapped. We disagree. A review of the victim's testimony as recited above, and the remainder of the record, does not lead this court to conclude that the trier of fact clearly lost its way or created a manifest miscarriage of justice. Accordingly, Matthieu's first assignment of error is without merit and is, hereby, overruled.
 Assignment of Error Number Two {¶ 26} Christopher Matthieu was denied his constitutional right to due process when the state failed to prove by clear and convincing evidence that Mr. Williams [sic] is a sexual predator.
 {¶ 27} Within his second assignment of error, Matthieu contends that the trial court's sexual predator adjudication is null and void because the court failed to journalize its determination in accordance with R.C. 2950.09(B)(3). Matthieu also challenges the trial court's application of the factors listed in R.C. 2950.09(B)(2), essentially arguing that the court's sexual predator adjudication is either not supported by sufficient evidence or contravenes the manifest weight of the evidence.
 Entry of Sexual Predator Determination {¶ 28} At the February 1, 2002 sexual predator hearing both parties were provided opportunity to present evidence and arguments as to the sexual offender determination. The state asked the court to consider both the presentence investigation ("PSI"), which was reviewed in chambers prior to the court going on the record, and a psychosexual analysis performed by New Horizons Counseling Services ("New Horizons"). Both of these documents were admitted into evidence under seal. Considering the evidence presented, the trial court concluded that there was clear and convincing evidence that Matthieu is a sexual predator pursuant to R.C. 2950.09(B). That afternoon, the court journalized its sexual predator adjudication. On February 8, 2002, the court journalized its judgment of conviction and sentence, reiterating therein that the court had determined Matthieu to be a sexual predator under separate entry.
 {¶ 29} As a preliminary matter, Matthieu maintains that the court's sexual predator determination is contrary to R.C. 2950.09(B)(3). Matthieu contends that the February 1, 2002 entry should be declared null and void because the court had journalized its sexual predator determination in a separate entry from the February 8, 2002 judgment of conviction and sentence.
 {¶ 30} R.C. 2950.09(B)(3),[15] provides in part: If the court determines by clear and convincing evidence that the subject offender * * * is a sexual predator, the court shall specify in the offender's sentence and the judgment of conviction that contains the sentence * * * that the court has determined that the offender * * * is a sexual predator and shall specify that the determination was pursuant to division (B) of this section.
 {¶ 31} We find nothing in this section requiring the trial court to make or reiterate the entirety of the findings supporting its sexual predator determination in the judgment of conviction and sentence. Rather, the trial court need only make clear "that the court has
determined the offender * * * is a sexual predator"[16] and that said determination was conducted under division (B) of the statute. As outlined above, the court initially found Matthieu to be a sexual predator at the February 1, 2002 hearing, reiterated its determination in the February 1, 2001 entry, and as required by R.C. 2950.09(B)(3), again specified in the February 8, 2002 judgment of conviction and sentence that it had made said determination and issued its findings by separate entry. Furthermore, Matthieu makes no claim of prejudice, and we can discern no prejudice under these circumstances.[17] Accordingly, we do not find that that trial court erred in this regard.
 Sufficiency/Manifest Weight of the Evidence {¶ 32} R.C. 2950.01(E) defines the term "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Matthieu was convicted of one count of kidnapping, which qualifies as a "sexually oriented offense" under R.C.2950.01(D)(1)(c).[18] Therefore, the critical issue in Matthieu's sexual predator hearing was whether he was "likely to engage in the future in one or more sexually oriented offenses."
 {¶ 33} An offender's propensity to engage in future sexually oriented offenses, for purposes of sexual predator classification, is determined by the application and examination of certain statutory factors.[19] R.C. 2950.09(B)(2)[20] sets forth those factors that a trial court should consider when determining an offender's status as a sexual predator. When considering the aforementioned factors, there are no rigid rules requiring a certain number of findings to support a sexual predator classification. Instead, courts should apply the enumerated factors and consider the relevance, application, and persuasiveness of the individual circumstances on a case-by-case basis.[21] The statutory scheme of R.C. Chapter 2950 provides the trial court with significant discretion in evaluating factors that may be relevant to its recidivism determination and such determinations are to be afforded considerable deference.[22] To that end, the court has discretion to determine what weight, if any, will be assigned to each statutory guideline.[23]
 {¶ 34} After reviewing all of the testimony, evidence, and the factors listed in R.C. 2950.09(B)(2), the trial court "shall determine by clear and convincing evidence whether the offender is a sexual predator."[24] Thus, there must be sufficient evidence, as a matter of law, for the trial court to find by clear and convincing evidence that the defendant is a sexual predator. The standard of clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.[25]
 {¶ 35} Upon consideration of these factors contained in R.C.2950.09(B)(2), the trial court concluded that there was clear and convincing evidence that Matthieu is a sexual predator pursuant to R.C.2950.09(B). In support thereof, the trial court found as follows: (1) that the crime was committed by a 21 year-old man upon a 17 year-old girl; (2) that Matthieu had several prior convictions, including carrying a concealed weapon, theft, complicity to theft, receiving stolen property, escape, and bond jumping; (3) that Matthieu was of average intellectual ability and was not suffering from any mental illness or disability; (4) that the nature of the sexual contact involved the use of deception to remove the victim from the place she was found to engage in sexual activity, and; (5) that Matthieu's behavioral characteristics and propensities as outlined in the evaluation prepared by New Horizons contributed to his conduct. New Horizons' evaluation found, in part, that Matthieu demonstrated characteristics of a power-assertive rapist who employs rape to express his dominance over women and that sexual, criminal, and actuarial risk assessments consistently indicated a high to medium risk of reoffending. New Horizons assessed Matthieu as a sexual predator, noting that he appears to demonstrate abilities that perpetuate his specific sexually deviant cycle.
 {¶ 36} As to sufficiency of the evidence, the record contains ample evidence upon which the court could have found that Matthieu was likely to commit another sexually oriented offense in the future by clear and convincing evidence. Furthermore, weighing this evidence, the credibility of witnesses, and all reasonable inferences, we cannot say that the trier of fact clearly lost its way or created such a manifest miscarriage of justice that the proceeding must be reversed. We therefore conclude that the trial court did not err in adjudicating Matthieu to be a sexual predator.
 {¶ 37} Accordingly, Matthieu's second assignment of error is overruled.
 {¶ 38} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, the judgment of the Mercer County Common Pleas Court is herby affirmed.
Appeal dismissed as to case No. 10-02-04, and judgment affirmed as to case No. 10-02-05.
BRYANT, P.J., and WALTERS, J., concur.
[1] State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
[2] State v. Smith (1997), 80 Ohio St.3d 89, 113.
[3] Id.
[4] State v. Adams (1978), 53 Ohio St.2d 223, vacated on other grounds (1978), 439 U.S. 811, 99 S.Ct. 69, 58 L.Ed.2d 103, citing with approval,Browning v. State (1929), 120 Ohio St. 62. See, also, State v. Lovejoy
(1997), 79 Ohio St.3d 440, 446, 1997-Ohio-371; State v. Hicks (1989),43 Ohio St.3d 72; State v. Brown (1984), 12 Ohio St.3d 147.
[5] Hicks, 43 Ohio St.3d at 78, citing United States v. Powell
(1984), 469 U.S. 57, 68, 105 S.Ct. 471, 478-479, 83 L.Ed.2d 461.
[6] State v. Stefanski (Mar. 29, 1999), Wyandot App. No. 9-98-63, dismissed, appeal not allowed in (1999), 87 Ohio St.3d 1450.
[7] Id.
[8] State v. Dench (1959), 111 Ohio App. 39, 41-42, interpreting former R.C. 2901.31, abduction for immoral purposes, which is analogous to R.C.2905.01. See, also, Stafanski, supra; State v. Moore (May 14, 1992), Cuyahoga App. No. 60334.
[9] Moore, supra. See, also, Stafanski, supra.
[10] Dench, 11 Ohio App. at 42; Stafanski, supra.
[11] Id.
[12] Thompkins, 78 Ohio St.3d at 387.
[13] State v. Paxton (2000), 139 Ohio App.3d 48, 50.
[14] Thompkins, supra.
[15] H.B. No. 502, supra.
[16] Emphasis added.
[17] See, e.g., State v. Elder (Feb. 28, 2003), Ottawa App, Nos. OT-01-027 and OT-01-028, 2003-Ohio-893, ¶ 18.
[18] R.C. 2950.01(D)(1)(c) provides: "`Sexually oriented offense' means * * * Regardless of the age of the victim of the offense, a violation of * * * 2905.01 of the Revised Code, that is committed with a purpose to gratify the sexual needs or desires of the offender[.]"
[19] R.C. 2950.09(B)(2) version Am.Sub.H.B. No. 502, effective March 15, 2001; State v. Cathcart (Dec. 4, 2002), Shelby App. No. 17-02-20.
[20] Am.Sub.H.B. No. 502.
[21] State v. Robertson, 147 Ohio App.3d 94, 98, 2002-Ohio-494, ¶ 20 (citations omitted).
[22] Id. at ¶ 44, citing State v. Cook (1998), 83 Ohio St.3d 404,426.
[23] State v. Thompson (2001), 92 Ohio St.3d 584, 2001-Ohio-1288.
[24] R.C. 2950.09(B)(3).
[25] State v. Schiebel (1990), 55 Ohio St.3d 71, 74, citing Cross v.Ledford (1954), 161 Ohio St. 469.