[Cite as *State v. Seitz*, 2014-Ohio-2463.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### SHELBY COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                   CASE NO. 17-12-11

      v.

JAMIE J. SEITZ,                         O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Shelby County Common Pleas Court
Trial Court No11CR000011

Judgment Affirmed

Date of Decision:   June 9, 2014

APPEARANCES:

    *Jeremy M. Tomb* for Appellant

    *Jeffrey J. Beigel* for Appellee

**SHAW, J.**

{¶1} Defendant-appellant Jamie Seitz ("Seitz") appeals the March 16, 2012, judgment of the Shelby County Common Pleas Court sentencing Seitz to five years in prison following Seitz's jury trial convictions for Kidnapping in violation of R.C. 2905.01(A)(2), a felony of the second degree, and Assault in violation of R.C. 2903.13(A), a first degree misdemeanor.

{¶2} The facts relevant to this appeal are as follows. On January 6, 2011, the Shelby County Grand Jury indicted Seitz on the following counts: 1) Attempted Murder in violation of R.C. 2923.02 and 2903.02(A), a felony of the first degree; 2) Kidnapping in violation of R.C. 2905.01(A)(2), a felony of the first degree; 3) Kidnapping in violation of R.C. 2905.01(A)(3), a felony of the first degree; 4) Kidnapping in violation of R.C. 2905.01(A)(3), a felony of the first degree; 5) Abduction in violation of R.C. 2905.02(A)(2), a felony of the third degree; and 6) Felonious Assault in violation of R.C. 2903.11(A)(1), a felony of the second degree. (Doc. 1).

{¶3} The Bill of Particulars filed on May 2, 2011, specified that the Count 2 Kidnapping charge was based upon the following.

> **As it relates to Count II of the Indictment, the Defendant is charged with Kidnapping, a violation of [R.C. 2905.01(A)(2)], a felony of the first degree. The evidence will prove beyond a reasonable doubt that the Defendant did by force, threat or deception, by any means remove another from a place where the other person is found or restrained the liberty of a person to**

> **facilitate the commission of any felony or flight thereafter in that he did remove Scarlet E. Ashworth from Apartment 65 at 500 North Vandemark Road, Sidney, Shelby County, Ohio by force, threat or deception after he attempted to murder her and committed felonious assault upon her by forcing her into a Hummer and transporting her from Sidney to his home in Piqua, Ohio.**

(Doc. 102).

{¶4} On May 17, 2011, a jury trial was held. At the start of the trial, the State dismissed Count V, Abduction, without prejudice. The jury returned verdicts of guilty on all remaining counts. (Doc. 248).

{¶5} On June 2, 2011, Seitz filed a motion for a judgment of acquittal or, in the alternative, a motion for a new trial. (Doc. 261). The motion for a new trial was based upon allegations of jury misconduct. On July 26, 2011, the trial court determined that there was juror misconduct and set a hearing to determine whether prejudice resulted. (Doc. 271). The evidentiary hearing was held on August 29, 2011. Multiple jurors testified that they considered the news reports regarding other charges against the defendant when deliberating and that those other charges influenced their decisions. The trial court then found the juror misconduct to be prejudicial and granted the motion for a new trial. (Doc. 308).

{¶6} A second jury trial was commenced on February 14, 2012. At trial, the State presented evidence that Seitz owned a bar called Broad Street Grill. Seitz employed the victim, Scarlet Ashworth, as a bartender. (Tr. at 190). On

December 16, 2010, Seitz and Ashworth went to a catering event and afterward went to a few bars where they became intoxicated. (Tr. at 192-193). Subsequently, Seitz, who was married, and Ashworth went to an apartment that was rented for them to spend time together for their affair. (Tr. at 695-700).

{¶7} Ashworth testified that while at the apartment that evening, Seitz became angry. (Tr. at 195). Seitz testified he became upset because Ashworth was receiving text messages from other men. (Tr. at 703). Ashworth testified that once Seitz became angry, he did not allow her to leave the apartment. (Tr. at 195). Ashworth testified that Seitz broke her phone and then held her against her will for hours, repeatedly beating, choking, hitting, and kicking her. (Tr. at 195-216). Ashworth also testified that Seitz choked her until she was unconscious and threatened to kill her. (Tr. at 196-197). Ashworth testified that she tried to get away multiple times and tried to shout for help but Seitz stopped her, putting his hand in her mouth to prevent her from screaming. (Tr. at 196).

{¶8} Throughout the evening/early morning hours, Seitz sent various text messages to Erin Dearth stating that he had "beat [Ashworth] bad," that he "need[ed] to kill [Ashworth] and hide the body," that Ashworth was "a whore and [he] beat her ass," that "[Ashworth] is gonna die tonight and so am I," that Seitz would "send [Erin] a pic after [Ashworth] is dead" and that Seitz needed "to hide so I got to run." (Tr. at 420-424). Seitz sent a message to Erin that said "I will

stay with [Ashworth] till she is gone then I am going information [sic] some cash and then I am laving [sic]." Seitz later instructed Erin that the text messages he sent to her should be erased. (Tr. at 426).

**{¶9}** According to Ashworth, Seitz continued beating her into the morning of December 17, whereupon Seitz took Ashworth against her will to his home in Piqua. (Tr. at 203-205). Seitz's wife cared for Ashworth's injuries and subsequently took Ashworth to get her car so Ashworth could go home. (Tr. at 208-212).

**{¶10}** Ashworth later went to the hospital to have her injuries looked at. As a result of the incident, Ashworth testified that she missed work, that she had black eyes for about three weeks, and that she was dizzy for the first month after the incident. (Tr. at 215-216).

**{¶11}** Seitz offered contrary explanations for the evening/early morning in question. According to Seitz, who took the stand, Ashworth struck him first with a porcelain toilet tank lid. (Tr. at 706, 709). Seitz testified that he and Ashworth then struck each other, but Seitz claimed he struck in self-defense. (Tr. at 710). Seitz testified that he was not being serious in the text messages he sent to Erin Dearth that evening. (Tr. at 718-719). Seitz also testified that Ashworth came to and left the apartment freely and that he did not restrain her or force her to go anywhere with him. (Tr. at 726-728, 748).

{¶12} On February 17, 2012, the jury returned its verdicts. The jury found Seitz not guilty of Count I – Attempted Murder, Count III – Kidnapping, Count IV – Kidnapping, and Count V – Felonious Assault. However, the jury found Seitz guilty of Count II – Kidnapping, and Guilty of the lesser included offense of Assault for Count V. (Doc. 536-540). The Assault conviction was a misdemeanor.

{¶13} On February 24, 2012, Seitz filed a motion for acquittal on Count II. (Doc. 547). The trial court overruled the motion on March 9, 2012. (Doc. 554).

{¶14} On March 12, 2012, a sentencing hearing was held. The trial court ultimately sentenced Seitz to serve five years in prison for the Kidnapping conviction and 180 days for the Assault conviction. (Doc. 560). The sentences were ordered to be served concurrently. (Doc. 560). An entry reflecting this was filed March 16, 2012. (*Id.*) It is from this judgment that Seitz appeals asserting the following assignment of error for our review.

**ASSIGNMENT OF ERROR**
**THE JURY'S VERDICT WAS INCONSISTENT; AN UNDERLYING MISDEMEANOR IS LEGALLY INSUFFICIENT TO SUPPORT THE COUNT II KIDNAPPING CONVICTION WHICH REQUIRES A FELONY, COUNT II SHOULD BE VACATAED AS A MATTER OF LAW AND BARRED FROM RETRIAL BY DOUBLE JEOPARDY.**

{¶15} In Seitz's assignment of error, he argues that the jury's verdicts were inconsistent. Specifically, Seitz contends that the Kidnapping offense he was convicted of required the completion and conviction of an underlying felony as an element of the crime and that since he was convicted only of the lesser-included offense of (misdemeanor) Assault, he could not be convicted of Kidnapping. We disagree.

{¶16} In this case, Seitz was convicted of Kidnapping in violation of R.C. 2905.01(A)(2), which reads,

> **(A) No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:**
>
> **\* \* \***
>
> **(2) To facilitate the commission of any felony or flight thereafter**

{¶17} In *State v. Matthieu*, 3d Dist. Nos. 10-02-04, 10-02-05, 2003-Ohio-3430, we held,

> **R.C. 2905.01 defines the offense of kidnapping as the restraint or removal of the person for certain specified purposes *and makes the intent at the time of the abduction the gravamen of the offense.* State v. Dench, 111 Ohio App. 39, 41-42 (1959), interpreting former R.C. 2901.31, abduction for immoral purposes which is analogous to R.C. 2905.01. *See, also, State v. Stefanski*, (Mar. 29, 1999), Wyandot App. No. 9-98-63, dismissed, appeal not allowed in 87 Ohio St.3d 1450 (1999); *State v. Moore*, (May 14, 1992),**

> **Cuyahoga App. No. 60334.[1]** "**The statute punishes certain removal or restraint** *done with a certain purpose and the eventual success or failure of the goal is irrelevant.*" ***Moore*****, *supra*. See also, *Stefanski*, *supra*. Finding Matthieu not guilty of rape, abduction, or sexual battery is not in any sense a finding that there** *was no intent or purpose to commit those crimes at the time of the abduction.* ***Dench*****, 11 Ohio App. At 42;** *Stefanski*, *supra*. **A review of the trial transcript reveals evidence that, if viewed in a light most favorable to the prosecution, could lead a rational juror to reasonably conclude that Matthieu employed deception to remove the victim from the place where she was found for the purpose of engaging in sexual activity against her will.** *Id.*

(*Emphasis* Added.) *Matthieu* at ¶ 17.

{¶18} Our holding in *Matthieu* clearly states that the statute punishes restraint or removal *with a certain purpose*. The success or failure of the felony is *irrelevant* in this instance. That the jury ultimately convicted Seitz of simple Assault instead of Felonious Assault in this case does not prevent the jury from finding that Seitz removed or restrained the victim with the *purpose* to facilitate the commission of a felony, and that is all that is required under R.C. 2905.01(A)(2) to commit a Kidnapping.

{¶19} Our finding that the completion of the underlying felony in this case is irrelevant is consistent with our prior holding in *Matthieu*, and it is further consistent with other Ohio Appellate Districts on this issue. In *State v. Lowe*, 8th Dist. No. 99176, 2013-Ohio-3913, the Eighth District Court of Appeals recently addressed the exact same language of the indictment charged in the case before us

---

[1] In the *Matthieu* opinion, the citations were placed in footnotes.

and the identical issue before us regarding whether a jury's verdict was inconsistent when the jury found the defendant guilty of Kidnapping in violation of R.C. 2905.01(A)(2) and not guilty of Felonious Assault. In *Lowe*, the Eighth District held,

> **the jury found the evidence insufficient for a conviction of felonious assault involving the use of a broken bottle as a deadly weapon, but the ultimate success of the state meeting all the elements sufficient to convince the jury that appellant committed a felonious assault has no bearing on his culpability for kidnapping. The jury found that the restraint of Brittany by force as appellant drove down the road with her clinging to the car constituted kidnapping. The not guilty finding on the count of felonious assault does not impact appellant's legal culpability for kidnapping because "the individual counts of an indictment containing more than one count are not interdependent, and an inconsistency in a verdict does not arise out of inconsistent responses to different counts but only arises out of inconsistent responses to the same count."**

(Citations omitted.) *Lowe* at ¶ 21.

{¶20} Similar to the Eighth District's decision in *Lowe*, and our holding in *Matthieu*, other Ohio Appellate Districts and the federal court for the Southern District of Ohio have found that "the kidnapping statute punishes certain removal or restraint done with a certain purpose, and the eventual success or failure of the goal is irrelevant." *State v. Cope*, 12th Dist. No. CA2009-11-285, 2010-Ohio-6430, ¶ 68 (citing *Matthieu* favorably); *State v. Smith*, 9th Dist. No. 23468, 2007-Ohio-5524, ¶ 41 (citing *Matthieu* favorably); *Carver v. Warden, Marion Correctional Inst.*, S.D.Ohio No. 3:10-CV-38, 2011 WL 4442661 (Sept. 22, 2011)

(citing *Mattieu* favorably); *State v. Price*, 8th Dist. No. 99058, 2013-Ohio-3912, ¶ 28 (another case out of the Eighth District following the logic in *Smith*, *supra*, and *Matthieu*).

**{¶21}** Notably *Matthieu* dealt with Kidnapping charges pursuant to both R.C. 2905.01(A)(2) and (A)(4) while the case before us involves only section (A)(2). However, the fact that *Matthieu*—and also *Cope*, *Carver*, and *Price*—reached the same conclusions under the (A)(4) language, which requires a purpose to actually "engage in" the underlying felony as opposed to the (A)(2) language of the case before us which requires only a purpose to "facilitate" the underlying felony, makes these decisions all the more persuasive to the present case.[2]

**{¶22}** All of these cases are entirely compatible with the case authority regarding the consistency of verdicts in general. "'Consistency between verdicts on several counts of an indictment is unnecessary where the defendant is convicted on one or some counts and acquitted on others; the conviction generally will be upheld irrespective of its rational incompatibility with the acquittal.'" *State v. Smith*, 3d Dist. No. 13-10-24, 2011-Ohio-997, quoting *State v. Trewartha,* No. 04AP-963, 10th Dist., 2005-Ohio-5697, ¶ 15, citing *State v. Adams*, 53 Ohio St.2d 223 (1978), vacated in part on other grounds in *Adams v. Ohio,* 439 U.S. 811, 99 S.Ct. 69 (1978). Every count of a multiple-count indictment is considered to be

---

[2] *Lowe* and *Smith* still deal with the R.C. 2905.01(A)(2), the statutory subsection at issue before us.

distinct and independent of all the other counts; therefore, inconsistent verdicts on *different* counts do not justify overturning a verdict of guilt. (Emphasis Added.) *Id*., citing *State v. Hicks*, 43 Ohio St.3d 72, 78, (1989); *State v. Brown*, 12 Ohio St.3d 147 (1984), syllabus; *State v. Washington*, 126 Ohio App.3d 264, 276 (2nd Dist.1998). As the Ohio Supreme Court has stated, "the sanctity of the jury verdict should be preserved and could not be upset by speculation or inquiry into such matters to resolve the inconsistency." *State v. Lovejoy*, 79 Ohio St.3d 440, 444 (1997).

{¶23} Based on our prior case law and the persuasive authority of the other appellate courts set forth above, we do not find that the jury's verdicts were inconsistent in this case. Accordingly, Seitz's assignment of error is overruled.

{¶24} For the foregoing reasons Seitz's assignment of error is overruled and the judgment of the Shelby County Common Pleas Court is affirmed.

*Judgment Affirmed*

**ROGERS, J., concurs.**

**/jlr**

**WILLAMOWSKI, P.J., Dissenting.**

{¶25} I dissent from the majority opinion in that I would find that without the underlying felony, the defendant cannot be guilty of felony kidnapping. The

sole question for review in this appeal is whether, as a matter of law, the conviction for kidnapping while fleeing from the commission of a specified felony may stand when the defendant is acquitted of the underlying specified felony. Based upon the particular facts of this case, I would answer this question in the negative. The basis of the charge in this case is that after committing the felonies of attempted murder or felonious assault, Seitz forced the victim into his car and took her to his home. Bill of Particulars, 2-3. During the jury instructions, the trial court specifically instructed the jury that the underlying felony in this count was felonious assault. Tr. 862.

{¶26} The Ohio Supreme Court in *State v. Liberatore*, 4 Ohio St.3d 13 (1983), held that "[b]y definition, felony murder requires proof of the underlying felony in order to sustain a conviction under R.C. 2903.01(B)." *Id*. at 15. The definition of felony murder is that "no person shall purposely cause the death of another * * * *while committing or attempting to commit or while fleeing immediately after committing or attempting to commit* kidnapping, rape, aggravated arson, arson, aggravated robbery, robbery, aggravated burglary, burglary, terrorism, or escape." R.C. 2903.01(B) (emphasis added). The definition of felony kidnapping is similar. "No person, by force, threat, or deception * * * shall remove another from the place where the other person is found * * * *for [the purpose of facilitating] the commission of any felony or flight*

*thereafter*[.]" R.C. 2905.01(A)(2) (emphasis added). To convict a defendant of kidnapping in violation of R.C. 2905.01(A)(2), the kidnapping must either be done to facilitate the felony or to facilitate the flight after the felony. While a felony kidnapping charge could survive without the commission of a felony if the kidnapping was done to facilitate the commission of a felony, but the offender was unable to complete it for whatever reason, the flight after the commission of a felony, by definition, requires that there must have been a felony from which one has fled. See R.C. 2905.01(A)(2).

{¶27} In this case, the State argued that Seitz committed felonious assault upon the victim and then removed her from the location after the felony was completed. The State did not argue that the kidnapping was done to facilitate the commission of any felony. However, the jury disagreed with the State and found that Seitz had not committed felonious assault. The jury also found that Seitz had not committed any felony other than the felony kidnapping itself. The only other conviction was for a misdemeanor assault upon the victim. Thus, the jury must have concluded that Seitz had kidnapped the victim after committing a misdemeanor. By operation of law, this does not support a conviction under the plain language of the statute in this case, under these facts.

{¶28} The State argues that the inconsistency of the verdicts does not matter because they were separate counts under the indictment. In support of this

argument, the State refers to this court's prior opinion in *State v. Matthieu*, 3d Dist. Nos. 10-02-04, 10-02-05, 2003-Ohio-3430. In *Matthieu*, the defendant approached a seventeen year old girl as she was walking and asked for directions to Wal-Mart. The victim gave him directions, but the defendant claimed he did not understand and asked her to get in the car to show him. The victim agreed and they drove away. After driving around for a while, the defendant stopped the car and engaged in sexual activity with the victim. The defendant was charged with one count of kidnapping in violation of R.C. 2905.01(A)(2),(4), one count of abduction, one count of rape, and one count of sexual battery. After a two day trial, the jury returned verdicts of not guilty on all charges except for the kidnapping charge. The jury found the defendant guilty of kidnapping. The defendant appealed claiming that since there was no underlying felony, he could not be found guilty of felony kidnapping. Based upon the facts of that case, this court sustained the conviction finding that the counts in that case were not interdependent. The jury could have clearly concluded that Matthieu had kidnapped the victim to facilitate a planned rape. In addition to the felony kidnapping, Matthieu was also charged with taking the victim with the intent to engage in sexual activity against the victim's will. This court specifically held in *Matthieu* that it was the intent of the offender at the time of the abduction which forms the gravamen of the offense. *Id*. at ¶17. Based upon the facts in evidence in

the *Matthieu* case, this court held there was sufficient evidence to find that the defendant had the requisite intent to kidnap the victim in violation of R.C. 2905.01(A)(4) to support the conviction.

{¶29} Unlike the facts of *Matthieu*, the sole charge of kidnapping in this case is that it was done to facilitate flight from the felony. The evidence does not show and no one argues that the charge of kidnapping for which Seitz was convicted was done to facilitate the commission of a felony. Instead, it was argued that it occurred *after* the felony occurred and that Seitz was fleeing therefrom. There is no evidence of an intent to commit a new felony. There was also no evidence that the kidnapping was to facilitate his flight from a felony. Instead, all of the evidence shows that Seitz's intent at that time was to take the victim to his wife so that she could help the victim. She wasn't a hostage and he was not attempting to keep her quiet. Once they reached the house, the victim testified that the wife helped her with her injuries and returned her to her car. Seitz did nothing to stop them. Seitz also did nothing to alter the crime scene, which was exactly the same when the victim returned to it to retrieve her items. The victim also testified that the wife had assisted her several times after the incident, even taking her to get a new cell phone to replace the one that Seitz had broken. Without some evidence that Seitz kidnapped her to either facilitate the commission of a felony, which was not argued in this case, or that he had

committed a felony from which he was fleeing, there is insufficient evidence to support a felony kidnapping charge in this case. Since the plain language of the statute setting forth the flight from a felony element of the kidnapping charge requires a felony be committed and no felony was determined to have been committed here, Seitz could not be found guilty of felony kidnapping under the specific facts of this case. R.C. 2905.01(A)(2).

{¶30} The majority argues that the jury could have found the earlier actions of Seitz were the underlying felony. However, under the specific facts of this case, that argument is necessarily illogical. The jury was specifically instructed that the underlying felony to convict the defendant of this kidnapping charge was the felonious assault of which the jury found Seitz not guilty. The earlier actions formed the basis of the other kidnapping charges of which the jury also found Seitz not guilty. The argument that the jury might have based its verdicts upon those actions does not work when those actions were the specific basis for the other charges and the jury also acquitted Seitz of those charges. Again, the State argued that the removal from the scene after the felonious assault was the basis of this specific charge. The jury was instructed that the basis of this kidnapping charge was the commission of the felonious assault. The jury found there was no felony. Without the underlying felony, a defendant cannot flee from the commission of a felony. Thus, as a matter of law, I would find that the defendant

-16-

did not commit felony kidnapping in this case under the facts proven and argued at

trial.  For this reason, I respectfully dissent.