[Cite as *State v. Frazier*, 2022-Ohio-4232.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                  CASE NO. 8-22-10

    v.

DION J. FRAZIER,                        O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR 20 09 0207

**Judgment Affirmed**

Date of Decision: November 28, 2022

APPEARANCES:

    *Samantha L. Berkhofer* **for Appellant**

    *Stacia L. Rapp* **for Appellee**

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Dion J. Frazier ("Frazier"), appeals the judgment of the Logan County Court of Common Pleas. Frazier was found guilty by a jury of one count of rape. On appeal, he argues that the jury's verdict is against the manifest weight of the evidence. For the reasons set forth below, we affirm.

{¶2} The genesis of this case is Frazier's sexual activity with N.G., his seven-year-old step-daughter in Logan County, Ohio.[1]

{¶3} On September 8, 2020, the Logan County Grand Jury indicted Frazier on the three criminal charges including Counts One and Two for rape in violation of R.C. 2907.02(A)(1)(b), (B), both first-degree felonies and Count Three of gross sexual imposition ("GSI") in violation of R.C. 2907.05(A)(4), (C)(2), a third-degree felony. On September 14, 2020, Frazier appeared for arraignment and entered not guilty pleas.

{¶4} Frazier proceeded to a jury trial on December 27th and 28th, 2021, wherein he was found guilty of rape under Count One. However, he was acquitted of Counts Two and Three.

{¶5} Thereafter, the trial court sentenced Frazier to a mandatory indefinite prison term of 15 years to life under Count One.

---

[1] N.G. was seven at the time of her disclosures and eight at the time of trial.

{¶6} Frazier filed a timely notice of appeal and raises one assignment of error for our review.

**Assignment of Error**

**The Decision Of The Jury Was Erroneous As It Weighs Heavily Against The Conviction, And The Jury's Decision Was Not Consistent With The Eveidence [sic] Presented. The Jury Lost It's [sic] Way.**

{¶7} In his first assignment of error, Frazier argues that the jury's finding of guilt for rape under Count One is against the manifest weight of the evidence.

*Standard of Review*

{¶8} In determining whether a conviction is against the manifest weight of the evidence, a reviewing court must examine the entire record, "'weigh[ ] the evidence and all reasonable inferences, consider[ ] the credibility of witnesses and determine[ ] whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), *superseded by state statute on other grounds*, *State v. Smith*, 80 Ohio St.3d 89 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). A reviewing court must, however, allow the trier of fact appropriate discretion on matters relating to the weight of the evidence and the credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. When applying the manifest-weight standard, "[o]nly in exceptional cases, where the

evidence 'weighs heavily against the conviction,' should an appellate court overturn the trial court's judgment." *State v. Haller*, 3d Dist. Allen No. 1-11-34, 2012-Ohio-5233, ¶ 9, quoting *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, ¶ 119.

*Analysis*

**{¶9}** Frazier argues that the jury verdicts as to Count One and Count Two are inconsistent since the jury acquitted him of the rape charge under Count Two but found him guilty of rape under Count One. Specifically, he argues that the jury's determination as to Count Two supports that they did not believe N.G., and thus, no sexual act occurred. Hence, he argues the jury's verdict as to Count One is against the manifest weight of the evidence. We disagree.

**{¶10}** With respect to Frazier's argument, we note that "'[c]onsistency between verdicts on several counts of an indictment is unnecessary where the defendant is convicted on one or some counts and acquitted on others; the conviction generally will be upheld irrespective of its rational incompatibility with the acquittal.'" *State v. Smith*, 3d Dist. Seneca No. 13-10-24, 2011-Ohio-997, ¶ 22, quoting *State v. Trewartha*, 10th Dist. Franklin No. 04AP-963, 2005-Ohio-5697, ¶ 15, citing *State v. Adams*, 53 Ohio St.2d 223 (1978), *vacated in part on other grounds*, *Adams v. Ohio*, 439 U.S. 811, 99 S.Ct. 69 (1978). Importantly, every count of a multiple-count indictment is considered to be *distinct* and *independent* of all the other counts; therefore, inconsistent verdicts on different counts do not justify

overturning a verdict of guilt. (Emphasis Added.) *Id.*, citing *State v. Hicks*, 43 Ohio St.3d 72, 78 (1989); *State v. Brown*, 12 Ohio St.3d 147 (1984), syllabus; *State v. Washington*, 126 Ohio App.3d 264, 276 (2nd Dist.1998). As the Supreme Court of Ohio has stated, "the sanctity of the jury verdict should be preserved and could not be upset by speculation or inquiry into such matters to resolve the inconsistency." *State v. Lovejoy*, 79 Ohio St.3d 440, 444 (1997); *State v. Seitz*, 3d Dist. Shelby No. 17-12-11, 2014-Ohio-2463, ¶ 22.

**{¶11}** Here, Frazier is suggesting that the jury both acquitted and convicted him on the same rape charge. However, our reading of the indictment and the bill of particulars suggests that the State's theory of the case was that two different instances of sexual conduct (involving cunnilingus) occurred on the same date. However, prior to trial, the State's strategy changed, and the prosecution in its opening statement and later during its arguments addressing the defenses' motion for acquittal asserted that Count One involved Frazier's acts of *kissing* N.G.'s vagina and Count Two was related to Frazier's *licking* of her vagina.

**{¶12}** In this case, all of the indicted counts were related to events that occurred in Frazier's shed that he and N.G.'s mother utilized as a habitation between the dates of May 8th through June 11, 2020.[2] At trial, the State presented the video of N.G.'s forensic interview wherein N.G. identified two separate instances of

---

[2] The shed was on Frazier's parent's property. It had a makeshift bedroom and living room area with no running water or bathroom facilities.

sexual conduct (involving cunnilingus) occurring successively in a short time frame. The sexual conducts consisted of Frazier *kissing* and *licking* N.G.'s vagina followed by Frazier kissing her mouth. (*See* State's Ex. 1). However, at trial, N.G. testified that Frazier only *kissed* her vagina *one time*. Thus, the record supports that the criminal counts involving rape under Counts One and Two were separate instances of sexual conduct and later perceived by the prosecution as charges in the alternative in order to conform the indictment to the evidence presented at trial. Accordingly, there is no inconsistency in the verdicts here regardless of whether we approach this issue as one involving different counts of rape charged as separate instances of sexual conduct (involving cunnilingus) or as rape charges in the alternative. *See State v. Martinez*, 3d Dist. Union Nos. 14-19-28 and 14-19-29, 2020-Ohio-4883, ¶ 45.

**{¶13}** Moreover, Frazier's argument is predicated on his assumption that the jury found N.G. not credible. To us, the jury's verdict supports that they found N.G. credible. "'Although we review credibility when considering the manifest weight of the evidence, the credibility of witnesses is primarily a determination for the trier of fact.'" *State v. Chute*, 3d Dist. Union No. 14-22-02, 2022-Ohio-2722, ¶ 30, quoting *State v. Banks*, 8th Dist. Cuyahoga No. 96535, 2011-Ohio-5671, ¶ 13, citing *DeHass*, 10 Ohio St.2d 230, at paragraph one of the syllabus.

{¶14} Here, the jury had the opportunity to observe N.G. and all testifying witnesses and, was "best able 'to view the witnesses and observe their demeanor, gestures[,] and voice inflections, and use these observations in weighing the credibility of the proffered testimony.'" *Banks* at ¶ 13, quoting *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶ 24, citing *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80-81 (1984). Furthermore, the jury "was in the best position to weigh the evidence, and was free to believe all, some or none of [N.G.'s] testimony." *State v. Muhleka*, 2d Dist. Montgomery No. CIV.A. 19827, 2004-Ohio-1822, ¶ 53, citing *State v. Jackson*, 86 Ohio App.3d 29, 33 (4th Dist.1993).

{¶15} Based upon our review of the record, we will not conclude that the jury's witness-credibility determinations were unreasonable or that their verdict is inconsistent with respect to Counts One and Two in light of the evidence presented at trial. Consequently, we conclude that the jury's finding of guilt for rape under Count One is not against the manifest weight of the evidence.

{¶16} Accordingly, and for the reasons set forth above, Frazier's sole assignment of error is overruled.

{¶17} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**SHAW and WILLAMOWSKI, J.J., concur.**