THE STATE OF OHIO, APPELLANT, *v.* LIBERATORE, APPELLEE.

[Cite as State *v.* Liberatore (1983), 4 Ohio St. 3d 13.]

(No. 82-436—Decided March 9, 1983.)

Mr. *John T. Corrigan,* prosecuting attorney, and Mr. *Albin Lipold,* for appellant.

Mr. *Elmer A. Giuliani* and Mr. *Mark R. DeVan,* for appellee.

*Per Curiam.* Where successive prosecutions are at stake, the double jeopardy guarantee serves "a constitutional policy of finality for the defendant's benefit." *United States* v. *Jorn* (1971), 400 U.S. 470, 479. That policy protects the accused from attempts to relitigate facts underlying a prior acquittal. See *Ashe* v. *Swenson* (1970), 397 U.S. 436. The question in this case is whether that guarantee would be violated were the state to be allowed to proceed on an aggravated murder charge pursuant to R.C. 2903.01(B) after the accused had already been acquitted of the underlying felony at a previous trial.

The United States Supreme Court has held that the doctrine of collateral estoppel is embodied in the Fifth Amendment guarantee against double jeopardy. See *Ashe* v. *Swenson, supra,* at 445. In *State* v. *Thomas* (1980), 61 Ohio St. 2d 254 [15 O.O.3d 262], this court fully applied this concept in holding, at paragraph four of the syllabus, that "* * * successive prosecu-

tions [are] barred in certain circumstances *where the second prosecution requires the relitigation of factual issues already resolved by the first.*" (Emphasis added.) In so doing, we interpreted *Ashe* and its progeny, *Harris* v. *Oklahoma* (1977), 433 U.S. 682, to mean that "* * * a person may not be subjected to multiple prosecutions when proof of the one offense is necessary, as a practical matter, to prove the other, and both completed offenses arose out of the same criminal conduct." *Thomas,* at 261.

By definition, felony murder requires proof of the underlying felony in order to sustain a conviction under R.C. 2903.01(B). So too does the language of the instant indictment.[2] Any inquiry into Liberatore's participation in the alleged conspiracy to murder Greene would necessarily require proof that appellee had committed aggravated arson, an offense of which he had been previously acquitted. The double jeopardy provisions of the federal and state constitutions would therefore bar subsequent prosecution on the aggravated murder charge. Cf. *Harris* v. *Oklahoma, supra.*

Accordingly, we hold that the guarantees of double jeopardy prohibit retrial of an accused under R.C. 2903.01(B) after the accused has already been acquitted of the underlying felony at a previous trial. The judgment of the court of appeals is therefore affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, C. BROWN and J. P. CELEBREZZE, JJ., concur.

LOCHER and HOLMES, JJ., dissent.

HOLMES, J., dissenting. It is my position that although the principle of double jeopardy would preclude the retrial of the appellee for aggravated arson, such principle would not bar the retrial of appellee for aggravated murder. Consequently, I dissent.

The central question on appeal is whether the state must prove that appellee committed aggravated arson in order to convict him for aggravated murder. In my opinion, it is not necessary to do so here.

The state's theory was not that appellee actually committed aggravated arson; rather, that he participated in a scheme that had the murder of Daniel Greene as its ultimate goal.

As Judge Parrino said in his well-reasoned dissent to the court of appeals' decision:

"Where an accomplice enters into a common design which is reasonably

---

[2] The indictment for aggravated murder reads as follows:

"* * * Defendant * * * unlawfully and purposely caused the death of another, to wit: Daniel J. Greene *while committing or attempting to commit, or while fleeing immediately after committing or attempting to commit Aggravated Arson.*" (Emphasis added.)

likely to produce a certain result, he is equally guilty with the principal and other accomplices, even though the accomplice did not actually know the means by which the principal would produce that result. See *State* v. *Scott* (1980), 61 Ohio St. 2d 155 [15 O.O.3d 182]. * * * Accordingly, I would hold that where an accused, acting with a purpose to kill, is an accomplice to murder, and the principal causes the murder while committing aggravated arson, and where aggravated arson was a reasonably foreseeable consequence of the murder scheme, the culpability of the principal is attributable to the accomplice for the purposes of a charge and conviction of aggravated murder. Thus, * * * [appellee] may be tried for and convicted of aggravated murder as an accomplice where the * * * [principals] also committed aggravated arson even though * * * [appellee] himself was acquitted of aggravated arson.''

Accordingly, I would reverse the judgment of the court of appeals and remand for a new trial on aggravated murder.

LOCHER, J., concurs in the foregoing dissenting opinion.