[Cite as *State v. Williams*, 2019-Ohio-2756.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 18CA15 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u><br><u>JUDGMENT ENTRY</u> |
| Joel Edward Williams, | : | |
| Defendant-Appellant. | : | **RELEASED: 06/28/2019** |

_____

<u>APPEARANCES</u>:

James A. Anzelmo, Anzelmo Law, Gahanna, Ohio, for appellant.

Anneka P. Collins, Highland County Prosecutor, Hillsboro, Ohio, for appellee.

_____

Hess, J.

**{¶1}** This case stemmed from an incident in which Joel Edward Williams allegedly entered the home of Danielle Countryman and attacked Phillip Whitley with a log chain. A jury found Williams not guilty of felonious assault in violation of R.C. 2903.11(A)(2) but guilty of aggravated burglary in violation of R.C. 2911.11(A)(1). Williams now appeals his aggravated burglary conviction.

**{¶2}** First, Williams asserts the trial court abused its discretion when it admitted evidence that he used the log chain to break Whitley's car windows after the attack. This evidence tended logically to prove elements of the charged offenses. It was relevant, it had a purpose other than proving Williams's character, and its probative value was not substantially outweighed by the danger of unfair prejudice. Thus, the trial court's decision to admit the evidence was not unreasonable, arbitrary, or unconscionable.

{¶3}   Williams also asserts the court committed plain error and deprived him of the right to a unanimous verdict when it failed to instruct the jury that to find him guilty of aggravated burglary, it had to find he committed felonious assault with a deadly weapon.  Consistent with R.C. 2911.11(A)(1), the court instructed the jury that the state had to prove he trespassed with purpose to commit any criminal offense.  The court also instructed the jury that the criminal offense at issue was felonious assault. Thus, no error occurred.

{¶4}   Next, Williams argues the court erred in denying his motion for a mistrial because the aggravated burglary verdict is internally inconsistent given his acquittal for felonious assault.  His claim is based on the incorrect premise that to find him guilty of aggravated burglary, the jury had to find him guilty of the offense it found he trespassed with purpose to commit.  Any inconsistency between the aggravated burglary and felonious assault verdicts is immaterial because inconsistency between verdicts on different counts of a multi-count indictment does not warrant setting aside a verdict.

{¶5}   Williams also maintains insufficient evidence supported his conviction and it is against the manifest weight of the evidence.  The state presented evidence from which a reasonable jury could conclude the state established the essential elements of aggravated burglary beyond a reasonable doubt.  Moreover, the jury did not clearly lose its way or create a manifest miscarriage of justice.  Thus, we reject his claims.

{¶6}   Finally, Williams asserts trial counsel rendered ineffective assistance by not objecting to the aggravated burglary instructions or moving for a waiver of court costs.  However, the instructions were proper, and counsel is not required to make meritless objections.  And even if we assume the failure to move for a waiver of court

costs was deficient, Williams has not demonstrated prejudice.  Thus, we reject his claim and affirm the trial court's judgment.

## I. Facts

{¶7}   The Highland County grand jury indicted Williams on one count of aggravated burglary in violation of R.C. 2911.11(A)(1) and one count of felonious assault in violation of R.C. 2903.11(A)(2).  Williams pleaded not guilty, and the case proceeded to a jury trial at which the state presented the following evidence.

{¶8}   Countryman testified that on March 27, 2018, she was at home with her friend, Whitley.  She heard "like a boom noise" and a "squeak noise like the window being opened" and saw Williams enter her home through a window.  Williams walked past Countryman and began to strike Whitley with a log chain, which Countryman described as "one of those real thick linked chains."  Whitley "balled up on the ground trying to protect himself as much as possible."  Williams struck Countryman in the face with his fist as he exited the home.  Over Williams's objection, Countryman testified that while on the phone with a 911 operator, she saw Williams use the chain to "bust out all the windows" of Whitley's car.  Countryman testified that she identified Williams as the perpetrator during the 911 call and in a written statement she gave the night of the incident.

{¶9}   Tabatha Holsinger testified that she drove Williams to Countryman's home to pick up some clothing.  Williams exited the car and returned about 10 to 15 minutes later, but Holsinger did not see how he had entered the home.  She initially did not give police this information because she was scared.

{¶10} Whitley did not testify but the court admitted photographs which depict cuts on his face and red marks on his back, arm, and shoulder. Over Williams's objection, the court admitted photographs of Whitley's car.

{¶11} The court instructed the jury that the elements of aggravated burglary included that the defendant trespass in an occupied structure with purpose to commit in the structure "any criminal offense," that "[p]urpose and intent mean the same thing," and that it was "necessary that the State prove beyond a reasonable doubt that trespass was committed with the intent to cause the offense of felonious assault as charged in Count Two of the Indictment." The court instructed the jury that the elements of felonious assault included that the defendant knowingly cause or attempt to cause physical harm to Whitley by means of a "deadly weapon" and defined that phrase. Neither party objected to the instructions.

{¶12} The jury found Williams guilty of aggravated burglary but not guilty of felonious assault. He moved for a judgment of acquittal or a mistrial on the basis that the verdicts were inconsistent. The trial court denied the motion, sentenced him to six years in prison, and ordered him to pay court costs.

## II. Assignments of Error

{¶13} Williams assigns the following errors for our review:

I.    The trial court erred by denying Williams' motion for a mistrial, in violation of his rights against Double Jeopardy and to a Fair Trial and Due Process guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Sections 1, 10 and 16, Article I of the Ohio Constitution.

II.   The trial court provided a misleading and improper instruction on aggravated burglary, in violation of Williams' rights to a Fair Trial and Due Process guaranteed by the Fifth, Sixth and Fourteenth

Amendments to the United States Constitution and Sections 1, 10 and 16, Article I of the Ohio Constitution.

III. The trial court abused its discretion by admitting into evidence * * * irrelevant, vague and prejudicial evidence, in violation of his rights to a Fair Trial and Due Process guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Sections 1, 10 and 16, Article I of the Ohio Constitution.

IV. Williams' conviction is based on insufficient evidence, in violation of the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Sections 1 & 16, Article I of the Ohio Constitution.

V. Williams' conviction is against the manifest weight of the evidence in violation of the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Sections 1 & 16, Article I of the Ohio Constitution.

VI. Williams received ineffective assistance of counsel, in violation of the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution.

### III. Admissibility of Evidence

{¶14} For ease of discussion, we address the assignments of error out of order. In the third assignment of error, Williams asserts the trial court abused its discretion when it admitted evidence that he damaged Whitley's car. Williams claims that this evidence was irrelevant because it did not result in a criminal charge, that it improperly allowed the jury to conclude he had a propensity to commit crimes and acted in conformity with his bad character, and that the probative value of the evidence was substantially outweighed by the danger of unfair prejudice because it "invited the jury to implicate [him] based on an uncharged crime."

{¶15} "The trial court has broad discretion in the admission or exclusion of evidence; appeals of these decisions are reviewed under an abuse-of-discretion standard of review." *State v. Fannon*, 2018-Ohio-5242, 117 N.E.3d 10, ¶ 65 (4th Dist.). "An abuse of discretion occurs when the trial court makes a decision that is unreasonable, arbitrary, or unconscionable." *State v. Johnson*, 4th Dist. Ross No. 17CA3615, 2018-Ohio-3720, ¶ 13.

{¶16} "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. "Generally, all relevant evidence is admissible." *State v. Clay*, 4th Dist. Lawrence No. 11CA23, 2013-Ohio-4649, ¶ 34, citing Evid.R. 402.

{¶17} However, Evid.R. 404(B) states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. * * *

" '[E]vidence of other crimes may be presented when "they are so blended or connected with the one on trial as that proof of one incidentally involves the other; or explains the circumstances thereof; or tends logically to prove any element of the crime charged." ' " *State v. Wilkinson*, 64 Ohio St.2d 308, 317, 415 N.E.2d 261 (1980), quoting *United States v. Turner*, 423 F.2d 481, 483-484 (7th Cir.1970), quoting *United States v. Wall*, 225 F.2d 905, 907 (7th Cir.1955).

{¶18} Evid.R. 403(A) provides that relevant evidence "is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice[.]" Unfair

prejudice is not " 'damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest decision on an improper basis.' " *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 89, quoting *United States v. Mendez-Ortiz*, 810 F.2d 76, 79 (6th Cir.1986).

**{¶19}** Williams was charged with felonious assault in violation of R.C. 2903.11(A)(2), which states: "No person shall knowingly * * * [c]ause or attempt to cause physical harm to another * * * by means of a deadly weapon * * *." A deadly weapon is "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon or possessed, carried, or used as a weapon." R.C. 2923.11(A); *see* R.C. 2903.11(E)(1).

**{¶20}** Williams was also charged with aggravated burglary in violation of R.C. 2911.11(A)(1), which provides:

> No person, by force, stealth, or deception, shall trespass in an occupied structure * * *, when another person other than an accomplice of the offender is present, with purpose to commit in the structure * * * any criminal offense, if any of the following apply:
>
> (1) The offender inflicts, or attempts or threatens to inflict physical harm on another[.]

The trial court instructed the jury that the state had to prove Williams trespassed with purpose to commit felonious assault.

**{¶21}** Evidence that Williams used the log chain to break Whitley's car windows immediately after he attacked Whitley in Countryman's home tended to make it more probable that the log chain was capable of inflicting death. The evidence tended logically to prove elements of the charged offenses, i.e., that Williams harmed Whitley

by means of a deadly weapon and that Williams trespassed in Countryman's home with purpose to commit any crime, i.e., felonious assault with a deadly weapon. Moreover, the trial court could conclude the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. *See State v. Markins*, 4th Dist. Scioto No. 10CA3387, 2013-Ohio-602, ¶ 67 ("Generally, evidence of the accused['s] own actions is not unfairly prejudicial as long as it is relevant to the essential elements of the offense"). Thus, the trial court did not abuse its discretion when it admitted the evidence, and we overrule the third assignment of error.

## IV. Jury Instructions

**{¶22}** In the second assignment of error, Williams maintains the trial court committed plain error and deprived him of the right to a unanimous verdict when it instructed the jury on aggravated burglary. He claims that "in an aggravated burglary prosecution, due process requires that the jurors be instructed as to the specific criminal act that a defendant intended to commit inside the premises." Williams asserts the "jury must be unanimous as to which act constitutes the crime," and it was "imperative" for the court to clarify that the underlying offense in this case was "felonious assault, rather than simple assault." He complains that the court failed to instruct the jury that "it had to unanimously agree that [he] committed felonious assault by inflicting, attempting or threatening to inflict physical harm to Whitley with a deadly weapon." And he asserts plain error occurred "given that the jury acquitted [him] of felonious assault, the underlying offense to aggravated burglary."

**{¶23}** "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). "A silent

defendant has the burden to satisfy the plain-error rule and a reviewing court may consult the whole record when considering the effect of any error on substantial rights." *State v. Davis*, 4th Dist. Highland No. 06CA21, 2007-Ohio-3944, ¶ 22, citing *United States v. Vonn*, 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002).

**{¶24}** For a reviewing court to find plain error: 1.) "there must be an error," i.e., "a deviation from a legal rule"; 2.) "the error must be plain," i.e., "an 'obvious' defect in the trial proceedings"; and 3.) "the error must have affected 'substantial rights,' " i.e., it "must have affected the outcome of the trial." *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). The Supreme Court of Ohio has admonished courts that notice of plain error is to be taken " 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' " *Id.*, quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

**{¶25}** R.C. 2911.11(A)(1) requires only that the state prove a defendant had *purpose* to commit any criminal offense in an occupied structure—not that the defendant successfully completed the intended offense. *See State v. Gardner*, 118 Ohio St.3d 420, 2008-Ohio-2787, 889 N.E.2d 995, ¶ 84 (plurality opinion) (acquittal on felonious assault charge not dispositive of aggravated burglary charge "because there is no requirement in Ohio law that the criminal offense underlying an aggravated-burglary charge be completed in order for the latter charge to stand"). Moreover, " ' "the specific crime or crimes intended to be committed inside burglarized premises is *not* an element of burglary that must be included in the * * * jury instructions * * *." ' " (Emphasis in *Bergeron*) *State v. Lynn*, 129 Ohio St.3d 146, 2011-Ohio-2722, 950 N.E.2d 931, ¶ 16, quoting *Gardner* at ¶ 71 (plurality opinion), quoting *State v. Bergeron*, 105 Wash.2d 1,

16, 711 P.2d 1000 (1985). Thus, a court is "not required to instruct the jury on the elements of any underlying offense." *Id.* However, the Supreme Court of Ohio has stated:

> Although a trial court is not required to instruct on the elements of the underlying offense that a defendant intends to commit while trespassing in an occupied structure, this court has previously expressed a preference that the trial court do so. "We think that it is preferable for the trial judge to instruct the jury in all aggravated-burglary cases as to which criminal offense the defendant is alleged to have intended to commit once inside the premises and the elements of that offense. Such instructions provide an important road map for the jury in its deliberations and help ensure that jurors focus on specific conduct that constitutes a criminal offense." [*Gardner*] at ¶ 73.

*Id.* at ¶ 17.

{¶26} Contrary to Williams's contention, and consistent with the preference of the Supreme Court of Ohio, the trial court instructed the jury as to which criminal offense the state alleged Williams intended to commit once inside Countryman's home. Specifically, the court instructed the jury that the state had to "prove beyond a reasonable doubt that trespass was committed with the intent to cause the offense of felonious assault as charged in Count Two of the Indictment." Later, the court instructed the jury on the elements of felonious assault in violation of R.C. 2903.11(A)(2), including the "deadly weapon" element, and it defined that phrase. Accordingly, the trial court did not err, let alone commit plain error, when it instructed the jury, and we overrule the second assignment of error.

V. Motion for Mistrial

{¶27} In the first assignment of error, Williams maintains the trial court erred when it denied his motion for a mistrial, violating his right against double jeopardy and rights to a fair trial and due process. He asserts the jury's response to the aggravated

burglary count is internally inconsistent because it found him guilty of that offense when "there was no proof of the underlying offense of felonious assault" for which it acquitted him. Williams cites *State v. Liberatore*, 4 Ohio St.3d 13, 445 N.E.2d 1116 (1983), to support his argument.

**{¶28}** "Whether or not to grant a mistrial is within the sound discretion of the trial court, and its decision will not be reversed absent an abuse of that discretion." *Johnson*, 2018-Ohio-3720, at ¶ 13. Again, "[a]n abuse of discretion occurs when the trial court makes a decision that is unreasonable, arbitrary, or unconscionable." *Id.*

**{¶29}** In *Liberatore*, the victim died after a bomb that had been placed in the car next to his was detonated by remote control. *Liberatore* at 13. The jury found the defendant not guilty of aggravated arson but hung on an aggravated felony murder charge. *Id.* at 14. The trial court accepted the arson verdict and declared a mistrial as to the murder charge. *Id.* The defendant moved for a judgment of acquittal or dismissal of the murder charge on double jeopardy grounds. *Id.* The trial court denied the motions and the appellate court reversed. *Id.*

**{¶30}** In affirming, the Supreme Court of Ohio explained " 'successive prosecutions [are] barred in certain circumstances *where the second prosecution requires the relitigation of factual issues already resolved by the first.*' " (Alteration and emphasis added in *Liberatore*.) *Id.* at 14-15, quoting *State v. Thomas*, 61 Ohio St.2d 254, 400 N.E.2d 897 (1980), paragraph four of the syllabus, *overruled on other grounds*, *State v. Crago*, 53 Ohio St.3d 243, 559 N.E.2d 1353 (1990), syllabus. It stated:

> By definition, felony murder requires proof of the underlying felony in order to sustain a conviction under R.C. 2903.01(B). So too does the language of the instant indictment. Any inquiry into [the defendant's] participation in the alleged conspiracy to murder [the victim] would

necessarily require proof that [the defendant] had committed aggravated arson, an offense of which he had been previously acquitted. The double jeopardy provisions of the federal and state constitutions would therefore bar subsequent prosecution on the aggravated murder charge.

(Footnote omitted.) *Id.* at 15. Thus, the court held "that the guarantees of double jeopardy prohibit retrial of an accused under R.C. 2903.01(B) after the accused has already been acquitted of the underlying felony at a previous trial." *Id.*

**{¶31}** *Liberatore* is inapposite. This case does not implicate the double jeopardy concerns at issue in *Liberatore* because here, the jury returned verdicts on all counts in a single trial. Moreover, in this case, the state did not have to prove the defendant committed one charged offense to prove he committed another charged offense. Again, R.C. 2911.11(A)(1) requires only that the state prove a defendant had *purpose* to commit any criminal offense in the occupied structure—not that the defendant completed the intended offense. *See Gardner*, 118 Ohio St.3d 420, 2008-Ohio-2787, 889 N.E.2d 995, at ¶ 84 (plurality opinion). Thus, the jury could have found Williams had purpose to commit felonious assault but that he did not complete that offense.[1]

**{¶32}** Any inconsistency between the aggravated burglary and felonious assault verdicts is immaterial because inconsistent verdicts " 'on different counts of a multi-count indictment do not justify overturning a verdict * * *.' " *State v. Gapen*, 104 Ohio St.3d 358, 2004-Ohio-6548, 819 N.E.2d 1047, ¶ 138, quoting *State v. Hicks*, 43 Ohio St.3d 72, 78, 538 N.E.2d 1030 (1989), citing *United States v. Powell*, 469 U.S. 57, 68, 105 S.Ct. 471, 83 L.E.2d 461 (1984). " 'The several counts of an indictment containing more than one count are not interdependent and an inconsistency in a verdict does not

---

[1] The state's suggestion that the jury could have found Williams had purpose to commit simple assault is not well taken because the court instructed the jury that the state had to prove he had purpose to commit felonious assault, and "[a] jury is presumed to follow the instructions given to it by the trial judge." *State v. Clinton*, 153 Ohio St. 3d 422, 2017-Ohio-9423, 108 N.E.3d 1, ¶ 52.

arise out of inconsistent responses to different counts, but only arises out of inconsistent responses to the same count.' " *Id.*, quoting *State v. Adams*, 53 Ohio St.2d 223, 374 N.E.2d 137 (1978), paragraph two of the syllabus, *vacated on other grounds*, *sub. nom. Adams v. Ohio*, 439 U.S. 811, 99 S.Ct. 69, 58 L.Ed.2d 103 (1978). "Thus, a verdict will not be set aside merely because the findings necessary to support the conviction are inconsistent with the findings necessary to acquit the defendant of another charge." *State v. Reine*, 4th Dist. Scioto No. 06CA3102, 2007-Ohio-7221, ¶ 68, citing *Browning v. State*, 120 Ohio St. 62, 71, 165 N.E. 566 (1929). Thus, the trial court did not err when it denied the motion for mistrial, and we overrule the first assignment of error.

## VI. Sufficiency and Manifest Weight of the Evidence

**{¶33}** In the fourth assignment of error, Williams maintains that the aggravated burglary conviction is not supported by sufficient evidence because there is no evidence the log chain was capable of inflicting death. Therefore, he asserts the state failed to prove he committed aggravated burglary by trespassing to commit felonious assault with a deadly weapon. In the fifth assignment of error, Williams maintains that his conviction is against the manifest weight of the evidence due to the lack of evidence that the log chain was a deadly weapon. He also asserts Countryman and Holsinger lack credibility.

**{¶34}** "When a court reviews a record for sufficiency, '[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' " (Alteration in *Maxwell*.) *State v. Maxwell*, 139 Ohio St.3d 12, 2014-Ohio-1019, 9 N.E.3d 930, ¶ 146, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574

N.E.2d 492 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443

U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).   In *State v. Anderson*, 4th Dist.

Highland No. 18CA14, 2019-Ohio-395, we recently explained:

> A sufficiency assignment of error challenges the legal adequacy of the state's prima facie case, not its rational persuasiveness.   "That limited review does not intrude on the jury's role 'to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.' "  *Musacchio v. United States*, ___ U.S. ___, 136 S.Ct. 709, 715, 193 L.Ed.2d 639 (2016), quoting *Jackson* at 319 * * *.

> By contrast in determining whether a criminal conviction is against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that reversal of the conviction is necessary.   In order to satisfy this test, the state must introduce substantial evidence on all the elements of an offense, so that the jury can find guilt beyond a reasonable doubt.

> Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. However, we are reminded that generally, it is the role of the jury to determine the weight and credibility of evidence.   " 'A jury, sitting as the trier of fact, is free to believe all, part or none of the testimony of any witness who appears before it.' "  *State v. Reyes-Rosales*, 4th Dist. Adams No. 15CA1010, 2016-Ohio-3338, ¶ 17, quoting *State v. West*, 4th Dist. Scioto No. 12CA3507, 2014-Ohio-1941, ¶ 23.  We defer to the trier of fact on these evidentiary weight and credibility issues because it is in the best position to gauge the witnesses' demeanor, gestures, and voice inflections, and to use these observations to weigh their credibility.

(Citations omitted.)  *Id.* at ¶ 13-15.

{¶35} R.C. 2911.11(A)(1) does not require the state to prove an offender had a

deadly weapon on his person to establish the offense of aggravated burglary.  However,

it does require that the state prove the defendant trespassed with purpose to commit

any criminal offense.  As we already noted, here, the court instructed the jury that the

state had to prove Williams trespassed with purpose to commit "felonious assault as charged in Count Two of the Indictment." i.e., with purpose to cause physical harm to another by means of a deadly weapon.

**{¶36}** "The purpose with which a person does an act is determined from the manner in which it is done, the means used, and all the other facts and circumstances in evidence." *State v. Young*, 4th Dist. Scioto No. 07CA3195, 2008-Ohio-4752, ¶ 29. It is axiomatic that a defendant's possession of a deadly weapon is relevant to whether he had purpose to harm another by means of a deadly weapon. "When determining whether a defendant possessed a deadly weapon, the factfinder 'is entitled to draw all reasonable inferences from the evidence presented.' " *State v. D'Souza*, 4th Dist. Scioto No. 13CA3586, 2014-Ohio-5650, ¶ 27, quoting *State v. Vonderberg*, 61 Ohio St.2d 285, 401 N.E.2d 437 (1980), syllabus.

**{¶37}** Here, the state presented evidence that Williams opened a window at Countryman's home and without privilege to do so, entered the home while Countryman and Whitley were present. He used a log chain to strike Whitley in the face, shoulder, arm, and back, resulting in injuries to those areas. Although there is no evidence that Whitley required medical attention, he "balled up on the ground trying to protect himself as much as possible" during the incident. Then, Williams wielded the log chain with enough force to break every window in Whitley's car. *See generally State v. Gates*, 8th Dist. Cuyahoga No. 78120, 2001 WL 534163, *6 (May 17, 2001) (rock hurled with enough force to break car window and completely traverse vehicle interior constituted a deadly weapon). Based on this evidence, a reasonable jury could conclude the log chain was capable of inflicting death, and the state had established the essential

elements of aggravated burglary beyond a reasonable doubt.  Likewise, the jury did not clearly lose its way or create a manifest miscarriage of justice.  We overrule the fourth and fifth assignments of error.

### VII.  Ineffective Assistance of Counsel

**{¶38}** In his sixth assignment of error, Williams maintains that trial counsel rendered ineffective assistance when counsel failed to object to the jury instructions on aggravated burglary and move for a waiver of court costs.  To prevail on an ineffective assistance claim, a criminal defendant must establish: "(1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different."  *State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3641, 952 N.E.2d 1121, ¶ 113, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**{¶39}** In Section IV, we explained the trial court did not err when it instructed the jury.  " '[C]ounsel is not required to make futile or meritless objections.' "  *State v. Rizer*, 4th Dist. Meigs No. 10CA3, 2011-Ohio-5702, ¶ 33, quoting *State v. Shahan*, 4th Dist. Washington No. 02CA63, 2003-Ohio-6945, ¶ 44.  Thus, counsel did not render deficient performance or prejudice Williams by not objecting to the jury instructions.

**{¶40}** Regarding court costs, we have explained:

> In all criminal cases the judge must include in the sentence the costs of prosecution and render a judgment against the defendant for such costs, even if the defendant is indigent. R.C. 2947.23(A)(1)(a); *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8. However, the trial court retains jurisdiction to waive, suspend, or modify the payment of the costs "at the time of sentencing or at any time thereafter." R.C. 2947.23(C).  The trial court may waive court costs – but is not required – if the defendant is indigent. *State v. Hawkins*, 4th Dist.

Gallia [No.] 13CA3, 2014-Ohio-1224, ¶ 18; *State v. Walker*, 8th Dist. Cuyahoga App. No. 101213, 2014-Ohio-4841, ¶ 9 (the discretion to waive court costs includes the discretion not to waive them).

*State v. Mack*, 4th Dist. Washington Nos. 17CA34 & 17CA35, 2018-Ohio-5165, ¶ 28.

**{¶41}** Given R.C. 2947.23(C), "a defendant is no longer required to move for a waiver of court costs at the sentencing hearing or waive it – 'strategic timing may now play a role in trial counsel's decision – and prejudice resulting from a failure to move at the sentencing hearing is harder, if not impossible, to discern.' " *Id.* at ¶ 32, quoting *State v. Farnese*, 4th Dist. Washington No. 15CA11, 2015-Ohio-3533, ¶ 15, and citing *State v. Williams*, 3rd Dist. Auglaize No. 2-13-31, 2014-Ohio-4425, ¶ 17; *State v. Davis*, 5th Dist. Licking No. 17-CA-55, 2017-Ohio-9445, ¶ 31 ("*Davis*"). Even if we presume counsel's failure to move for a waiver of court costs constituted deficient performance, we cannot conclude that failure resulted in prejudice. Williams can still seek a waiver of court costs. *See State v. Huckleby*, 4th Dist. Gallia Nos. 16CA15 & 16CA16, 2018-Ohio-4438, ¶ 31 ("because appellant has not lost the ability to seek a waiver of costs under R.C. 2947.23(C), he cannot demonstrate prejudice"). Although he argues that he would have to proceed pro se or "secure pro bono assistance from an attorney," he cites nothing in the sentencing transcript that shows there was a reasonable probability that the trial court would have granted a motion by appointed counsel, particularly where the court expressly stated that ordering community service was an option for payment of the costs. *See Mack* at ¶ 30.

**{¶42}** We recognize the Supreme Court of Ohio has certified a conflict between *Davis* and *State v. Springer*, 8th Dist. Cuyahoga No. 104649, 2017-Ohio-8861, on the following question: "Is trial counsel's failure to file a motion to waive court costs at

sentencing ineffective assistance of counsel when defendant has previously been found indigent?" *State v. Davis*, 152 Ohio St.3d 1441, 2018-Ohio-1600, 96 N.E.3d 297. "However, the Fourth District, like the Fifth and Third Districts, does not automatically find a presumption of prejudice where [the] defendant is indigent." *Mack* at ¶ 33, citing *Farnese, Williams*, and *Davis*. "Unless and until the Supreme Court of Ohio overturns" *Davis*, "we will continue to follow our precedent in *Farnese*." *Mack* at ¶ 33. Accordingly, we overrule the sixth assignment of error.

### VIII. Conclusion

{¶43} Having overruled each of the assignments of error, we affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & McFarland, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
Michael D. Hess, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**