[Cite as *State v. White*, 2019-Ohio-4288.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 18CA1080 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| JENNIFER WHITE, | : | |
| Defendant-Appellant. | : | **RELEASED 10/11/2019** |

_____

APPEARANCES:

Timothy Young, Ohio Public Defender, and Addison M. Spriggs, Ohio Assistant Public Defender, Columbus, Ohio, for appellant.

David Kelley, Adams County Prosecutor, West Union, Ohio, for appellee.
_____

Hess, J.

{¶1}   Jennifer White appeals her conviction for felonious assault in violation of R.C. 2903.11(A)(2).   Initially, White maintains her conviction is not supported by sufficient evidence because the state failed to introduce evidence that the pocketknife used during the altercation was capable of inflicting death and therefore a deadly weapon.   After viewing the evidence in a light most favorable to the prosecution, we conclude that any rational trier of fact could have found this element of the crime proven beyond a reasonable doubt.

{¶2}   Next, White claims the trial court erred when it instructed the jury that the affirmative defense of self-defense was unavailable if she "was unlawfully or without privilege to be at the location where the defensive force was used."   White asserts this instruction was inappropriate because there was conflicting evidence about the location

of the altercation.  At trial, White objected to the instruction for a different reason, so she forfeited all but plain error review as to her conflicting evidence argument.  White does not argue plain error, and we decline to sua sponte conduct a plain error analysis.

{¶3}   Finally, White asserts that the trial court erred when it ordered restitution without a hearing and without evidence of the amount of the victim's economic loss. White failed to develop any argument regarding the lack of a restitution hearing, so we reject this claim.  However, we agree the court erred when it ordered restitution without competent, credible evidence to discern the amount of restitution to a reasonable degree of certainty.  We affirm the trial court's judgment in part, reverse it in part, and remand for further proceedings consistent with this opinion.

## I.  FACTS

{¶4}   The Adams County grand jury indicted White on one count of felonious assault in violation of R.C. 2903.11(A)(1) and one count of felonious assault in violation of R.C. 2903.11(A)(2).  She pleaded not guilty, and at trial, the state presented the following evidence.  White previously dated the son of Joan Campbell.  On July 12, 2018, White arrived at Campbell's home in a black Kia.  Campbell told White to leave, and White refused.  Campbell called the sheriff's office, and White left.  Then, Deputy Brandon Asbury and Deputy Jason Hanson of the Adams County Sheriff's Office arrived.  Campbell told them White may have gone to Gidget Parker's house. Next, Campbell called her daughter, Stephanie Grooms, who lived near Parker. Grooms thought she saw the Kia at Parker's house, drove past the house to confirm that fact, and drove to Campbell's house.

{¶5} Subsequently, the deputies drove toward Parker's house, and Grooms followed them. At some point, Grooms turned, saw the Kia traveling in the direction of Campbell's house, and followed it into Campbell's driveway. Campbell called the sheriff's office again. White exited the passenger side of the Kia, then Grooms exited her vehicle. White started "rambling" and "making threats." Grooms said, "Do you not understand what you're not welcome here means?" and told White, "Get in your car and get out of here." White initiated an altercation during which she cut Grooms' left arm, resulting in an approximately two-inch long laceration that was deep enough to expose muscle, required five or six stitches and glue, and left a permanent scar. Eventually, White got back into the Kia, and Parker started to drive the vehicle away, but the deputies initiated a traffic stop. Deputy Hanson found a pocketknife with bloodstains on it inside the Kia. White admitted she had used the pocketknife but claimed she had acted in self-defense. The deputies thought White was impaired by alcohol.

{¶6} White testified to her version of events. She testified that Campbell's son wanted to reconcile with her, and she picked him up down the road from Campbell's home so they could talk. Campbell called law enforcement because she did not want her son to leave. White parked near a creek, and after she told Campbell's son that she did not want to reconcile, he got on a bridge with a rope. White feared he might kill himself. She panicked, went to a gas station, got gas and a beer, and went to Parker's house. Parker then drove White to Campbell's house and parked on the road. White tried to tell Campbell that her son was "acting crazy" and "needed help," but Campbell swore at her and told her to leave. White and Parker left, but later, Grooms started to follow them, and White feared that Grooms was going to hit them. Parker stopped at a

vacant lot near Campbell's house.  Grooms pulled beside them, got out of her vehicle, and punched White in the head through an open car window.  When White "came to," her car door was open, she was hanging out of her car, and Grooms was choking her.  Fearing for her life, White stabbed Grooms.

**{¶7}** The jury found White not guilty of felonious assault in violation of R.C. 2903.11(A)(1) but guilty of felonious assault in violation of R.C. 2903.11(A)(2).  The trial court sentenced her to five years in prison and ordered her to pay $541.73 in restitution to Grooms.

## II.  ASSIGNMENTS OF ERROR

**{¶8}** White presents three assignments of error:

I. Ms. White's conviction for felonious assault under R.C. 2903.11(A)(2) is not supported by sufficient evidence under the Fifth and Fourteenth Amendments to the United States Constitution, and Ohio Constitution, Article I, Section 10.  October 23, 2018 Judgment Entry on Sentencing.

II. The trial court committed error when it issued jury instructions for the self-defense affirmative defense that included an instruction on unlawful location.  Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; Ohio Constitution, Article I, Sections 10 and 16; *Ohio Jury Instructions*, CR Section 421.21; October 23, 2018 Jury Instructions.

III. The trial court abused its discretion when it ordered Ms. White to pay restitution without any evidence or hearing on the matter.  R.C. 2929.18.

## III.  SUFFICIENCY OF THE EVIDENCE

**{¶9}** In the first assignment of error, White contends her conviction for felonious assault in violation of R.C. 2903.11(A)(2) is not supported by sufficient evidence because the state presented no evidence that her pocketknife was capable of inflicting death.  White notes that in *State v. Ratcliff*, 4th Dist. Pickaway No. 82 CA 13, 1983 WL 3288 (Oct. 26, 1983), we observed not all knives are designed for use as weapons,

examined the characteristics of the knife at issue, and concluded it was not a weapon per se.  White asserts that here, the evidence showed the pocketknife had a blade "no longer than three inches," the pocketknife was "more of a tool," and the victim's "wound carried little risk of death."  White also maintains that because the jury acquitted her of the R.C. 2903.11(A)(1) count, i.e., knowingly causing serious physical harm to another, the state failed to prove that her pocketknife was capable of inflicting death.

{¶10}  "When a court reviews a record for sufficiency, '[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' "  (Alteration in *Maxwell*.)  *State v. Maxwell*, 139 Ohio St.3d 12, 2014-Ohio-1019, 9 N.E.3d 930, ¶ 146, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).  In *State v. Anderson*, 4th Dist. Highland No. 18CA14, 2019-Ohio-395, we explained:

> A sufficiency assignment of error challenges the legal adequacy of the state's prima facie case, not its rational persuasiveness.  "That limited review does not intrude on the jury's role 'to resolve conflicts in [the] testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.' "  *Musacchio v. United States*, ___ U.S. ___, 136 S.Ct. 709, 715, 193 L.Ed.2d 639 (2016), quoting *Jackson* at 319 * * *.

(Citation omitted.)  *Id.* at ¶ 13.

{¶11}  R.C. 2903.11(A)(2) states:  "No person shall knowingly * * * [c]ause or attempt to cause physical harm to another * * * by means of a deadly weapon * * *."  A deadly weapon is "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon."  R.C. 2923.11(A); R.C. 2903.11(E)(1).  " 'When determining whether a

defendant possessed a deadly weapon, the factfinder "is entitled to draw all reasonable inferences from the evidence presented." ' " *State v. Williams*, 4th Dist. Highland No. 18CA15, 2019-Ohio-2756, ¶ 36, quoting *State v. D'Souza*, 4th Dist. Scioto No. 13CA3586, 2014-Ohio-5650, ¶ 27, quoting *State v. Vonderberg*, 61 Ohio St.2d 285, 401 N.E.2d 437 (1980), syllabus.

**{¶12}** Any rational trier of fact could have found beyond a reasonable doubt that the pocketknife White wielded was capable of inflicting death. "It almost follows without the need to cite legal authority that * * * a knife * * * is capable of inflicting a deadly wound. This is especially so if [it] were plunged into the victim's neck." *State v. Umphries*, 4th Dist. Ross No. 02CA2662, 2003-Ohio-599, ¶ 8. *See also State v. Hesler*, 4th Dist. Adams No. 421, 1985 WL 8345, *2 (Sept. 3, 1985), quoting *State v. Anderson*, 2 Ohio App.3d 71, 440 N.E.2d 814 (1st Dist.1981), syllabus ("a knife is 'readily identifiable as * * * * capable of inflicting death' "). "[C]ommon sense and experience dictate that a knife is capable of inflicting death when wielded with the requisite intent and force." *State v. Henderson*, 5th Dist. Richland No. 17CA104, 2018-Ohio-4263, ¶ 22. Here, the jurors could infer from their common sense and experience that the pocketknife, which caused a laceration deep enough to expose muscle and require multiple stitches and glue, was capable of inflicting death if wielded with the requisite intent and force on a vital area.

**{¶13}** White's reliance on *Ratcliff* is misplaced. There, the defendant was convicted of carrying a concealed weapon, i.e., a pocketknife. *Ratcliff*, 4th Dist. Pickaway No. 82 CA 13, 1983 WL 3288, *1, 3. On appeal, he asserted the pocketknife did not satisfy the definition of a deadly weapon. *See id.* at 3. However, unlike White,

the defendant did not contend the pocketknife was incapable of inflicting death. *Id.* Rather, he argued that the state failed to show the pocketknife was designed or specially adapted for use as a weapon or that he possessed, carried, or used it as a weapon, and we agreed. *Id.* Here, even if the pocketknife was not designed or specially adapted for use as a weapon, the evidence shows White used the pocketknife as a weapon, and she does not assert otherwise.

{¶14} Because sufficient evidence supports the conclusion that the pocketknife was a deadly weapon, we overrule the first assignment of error.

## IV.  JURY INSTRUCTIONS

{¶15} In the second assignment of error, White contends the trial court erred when it instructed the jury: "If the Defendant was unlawfully or without privilege to be at the location where the defensive force was used, then in that event, the defense of self-defense is not available."[1]  White claims she objected to the instruction at trial, so plain error review does not apply.  She maintains the instruction "incorrectly explained the basic standard of self-defense."  She asserts this incident "did not occur in [Campbell's] home or on her porch," and there was "conflicting and unclear testimony" regarding whether the incident happened on Campbell's property or a neighboring property. White states that the trial court "could not clearly determine where the incident occurred based off contradictory testimony," and "[i]t would create an absurd result to adopt a rule regarding trespass when it was not clearly established that a trespass had occurred."

{¶16} "A trial court is obligated to provide jury instructions that correctly and completely state the law.  The jury instructions must also be warranted by the evidence

---

[1] This quotation is taken from the written jury instructions, which the trial court filed and gave to the jury. The portion of the transcript containing the oral jury instructions appears to contain a typographical error, stating the trial court used the phrase "defense of force," rather than "defensive force."

presented in a case. The question of whether a jury instruction is legally correct and factually warranted is subject to de novo review." (Citations omitted.) *Cromer v. Children's Hosp. Med. Ctr. of Akron*, 142 Ohio St.3d 257, 2015-Ohio-229, 29 N.E.3d 921, ¶ 22. "On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, *stating specifically* the matter objected to and *the grounds of the objection.*" (Emphasis added.) Crim.R. 30(A). "Thus, a defendant's failure to object to the challenged instruction forfeits all but plain error." *State v. McIntosh*, 4th Dist. Gallia No. 17CA14, 2018-Ohio-5343, ¶ 59, citing *State v. White*, 142 Ohio St.3d 277, 2015-Ohio-492, 29 N.E.3d 939, ¶ 57. To prevail under the plain error standard, "the defendant must establish that an error occurred, it was obvious, and it affected his or her substantial rights." *State v. Fannon*, 2018-Ohio-5242, 117 N.E.3d 10, ¶ 21 (4th Dist.), citing Crim.R. 52(B); *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

{¶17} Here, White failed to object to the jury instruction on the specific ground she raises on appeal and has therefore forfeited all but plain error. At trial, defense counsel objected to the instruction on the basis that it applied only to altercations that occurred inside a home or vehicle. White makes a new argument on appeal—that the instruction was improper due to conflicting testimony about whether the incident happened on Campbell's property.

{¶18} Although White mentioned plain error in her appellate brief, she claimed that she objected to the instruction at issue and did not specifically request plain error review. In her reply brief, she argued plain error review does not apply. We decline to construct a plain error argument on her behalf. *See State v. Steers*, 4th Dist. Washington No. 11CA33, 2013-Ohio-3266, ¶ 20 (declining to sua sponte review an assignment of error using a plain error analysis). We do, however, observe that in *Ellis v. State*, 64 Ohio St.3d 391, 395, 596 N.E.2d 428 (1992), the Supreme Court of Ohio stated: "A trespasser is not entitled to assert self-defense to justify an assault upon another who legitimately used non-lethal force to exclude him from the property." We also observe that although there was conflicting evidence about the location of the altercation in this case, the instruction at issue used conditional language, and "[i]t is the duty of the trier of fact to resolve any conflicts in the evidence presented at trial." *State v. Daniels*, 4th Dist. Scioto No. 11CA3423, 2011-Ohio-5603, ¶ 21. We overrule the second assignment of error.

## V. RESTITUTION

{¶19} In the third assignment of error, White contends the trial court erred when it ordered her to pay restitution without a hearing and without any evidence to support the amount of restitution.

{¶20} We reject the contention that the trial court erred because it did not conduct a restitution hearing. White did not develop any argument with respect to this claim in violation of App.R. 16(A)(7) ("The appellant shall include in its brief * * * [a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations

to the authorities, statutes, and parts of the record on which appellant relies"). Moreover, "[a] trial court is required to conduct a hearing on restitution only if the offender, victim, or survivor disputes the amount of restitution ordered." *State v. Lalain*, 136 Ohio St.3d 248, 2013-Ohio-3093, 994 N.E.3d 423, paragraph two of the syllabus. *See* R.C. 2929.18(A)(1). Here, White did not dispute the amount of restitution ordered at the sentencing hearing. Thus, we overrule the third assignment of error to the extent it challenges the trial court's failure to conduct a restitution hearing.

{¶21} Regarding the amount of restitution, White asserts that although the assistant prosecutor requested $541.73 in restitution, the record contains no competent, credible evidence to support that amount. White acknowledges that she did not object to the restitution order but asserts she is entitled to relief pursuant to *State v. Alexander*, 4th Dist. Scioto No. 10CA3402, 2012-Ohio-2041. The state asserts White agreed to the amount of restitution because after the state requested it, the trial court stated, "Submit it counselors?" and defense counsel stated, "Yes, Your Honor." The state also asserts that White cannot establish plain error because she did not introduce any evidence to establish a different restitution amount than the state recommended.

{¶22} Generally, we review a restitution order to determine whether it is clearly and convincingly contrary to law. *State v. Patton*, 4th Dist. Highland No. 18CA9, 2019-Ohio-2769, ¶ 23. *See generally* R.C. 2953.08(G)(2). In this case, we do not construe defense counsel's agreement to submit the issue of restitution to the trial court as a stipulation to the amount of restitution. However, we conclude that plain error review applies because White did not object to the restitution order. *See State v. Coleman*, 4th Dist. Highland No. 16CA18, 2018-Ohio-1709, ¶ 12-14 (applying plain error review to a

challenge to a restitution order).  Although White framed her assignment of error as an abuse of discretion issue, she has also requested plain error review.  We set forth the standard for plain error review in Section IV.

{¶23}  R.C. 2929.18(A)(1) authorizes a trial court to impose restitution as part of a felony sentence.  In *Lalain*, the Supreme Court of Ohio stated:

> A trial court has discretion to order restitution in an appropriate case and may base the amount it orders on a recommendation of the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, but the amount ordered cannot be greater than the amount of economic loss suffered as a direct and proximate result of the commission of the offense.

136 Ohio St.3d 248, 2013-Ohio-3093, 994 N.E.2d 423, at paragraph one of the syllabus.  " ' "[T]he amount of the restitution must be supported by competent, credible evidence in the record from which the court can discern the amount of the restitution to a reasonable degree of certainty." ' " (Alteration in *Alexander*.)  *State v. Noble*, 4th Dist. Athens No. 15CA20, 2017-Ohio-1440, ¶ 48, quoting *Alexander*, 4th Dist. Scioto No. 10CA3402, 2012-Ohio-2041, at ¶ 12, quoting *State v. Johnson*, 4th Dist. Washington No. 03CA11, 2004-Ohio-2236, ¶ 10.  " 'The evidence to support a restitution order can take the form of either documentary evidence or testimony.' "  *Id.* at ¶ 52, quoting *State v. Jones*, 10th Dist. Franklin No. 14AP-80, 2014-Ohio-3740, ¶ 23.

{¶24}  "[S]tatements made by the prosecutor are not considered evidence," *State v. Jackson*, 4th Dist. Ross No. 11CA3263, 2012-Ohio-4235, ¶ 10, and a trial court errs if it orders restitution based solely on a statement by the prosecutor.  *See Patton* at ¶ 23, 27-28 (restitution order based on prosecutor's statement of amount of loss was clearly and convincingly contrary to law because record was "devoid of competent, credible

evidence that would have allowed the court to determine the amount of restitution to a reasonable degree of certainty"); *Alexander* at ¶ 8-14 (trial court committed plain error when it imposed restitution based only on prosecutor's statement of amount of loss without evidence regarding value of stolen goods). In this situation, we have vacated the restitution order and remanded for the trial court to determine the proper amount of restitution due to the victim. *Patton* at ¶ 28; *Alexander* at ¶ 14.

**{¶25}** The court made an error when it awarded restitution based solely on a statement of the assistant prosecutor, which is not competent, credible evidence from which the court could have discerned the amount of restitution to a reasonable degree of certainty. This error affected White's substantial rights because the trial court could not order her to pay an amount "greater than the amount of economic loss suffered as a direct and proximate result of the commission of the offense," *Lalain* at paragraph one of the syllabus, and no loss has been established. Accordingly, we sustain the third assignment of error to the extent it asserts the trial court erred when it ordered restitution without supporting evidence. We vacate the restitution order and remand for the trial court to determine the proper amount of restitution due to Grooms.

## VI.  CONCLUSION

**{¶26}** We overrule the first and second assignment of error, and we overrule the third assignment of error in part and sustain it in part. Accordingly, we affirm the trial court's judgment in part, reverse it in part, and remand for further proceedings consistent with this opinion.

JUDGMENT AFFIRMED IN PART
AND REVERSED IN PART.
CAUSE REMANDED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED IN PART AND REVERSED IN PART and that the CAUSE IS REMANDED. Appellant and Appellee shall split the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
     Michael D. Hess, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**